HERTELL and others *vs.* BOGERT and others.

Where two executors and trustees under a power contained in the will, sold a part of the real estate of the testator, and took back a bond and mortgage for the purchase money payable to such executors and trustees jointly, and one of them afterwards, without the knowledge or consent of the other, and when the money was not wanted for the purposes of the trust, sold and assigned such bond and mortgage, and misapplied the proceeds of such sale and failed, being largely indebted to the estate ; *Held,* that such sale and assignment of the bond and mortgage by one of the executors and trustees only was unauthorized, and that the assignee acquired no title to the bond and mortgage under such assignment ; and that he was only entitled in equity to be protected so far as the purchase money paid by him therefor was actually applied to the purposes of the trust, or was afterwards recovered out of the securities which had been taken for a portion of such purchase money by the executor and trustee who had been guilty of the breach of trust.

Two or more executors are regarded in law as one person, and if one of them sells the goods or the securities of the testator, for money, to a bona fide purchaser, who has no reason to suppose such executor intends to commit a breach of trust, such purchaser will hold the property, or securities, not only as against the other executors, but also as against creditors and legatees ; he having by such purchase obtained the legal title thereto.

But where a note, or other security, is given to two or more executors jointly, after the death of the testator, the legal title is in all the executors, in the same manner as if it had been given to them as trustees under an ordinary trust ; and the concurrence of all of them is necessary to transfer the legal title to such note or security, to a purchaser thereof.

It is a principle of equity that where one of two innocent persons must suffer by the wrongful act of a third party, the one who by his negligence has enabled such third party to do the injury must himself bear the loss occasioned thereby.

March 16. THIS was an appeal from the decree of the vice chancellor of the first circuit. And the principal question between the parties was whether the appellant Bogart was entitled to a bond and mortgage of $12,000, assigned to him by one of the executors of John Dover deceased, under the following circumstances : Dover died in 1822, and by his will, after making provision for his wife, he gave the income of two thirds of his real and personal estate to his two daughters during their respective lives, to be paid

to them in half yearly payments for their separate use ; and the share of each, after her death, to be distributed among her issue, as tenants in common; The other third he gave to his nephews J. D. Hertell and Wm. Hertell, to be paid to them when they became of age respectively ; and the income in the meantime to be applied by the executors for their education and support. And for the more easy and equal division of his estate, the testator authorized his executors, whenever they should think it expedient, to sell all or any part of his real estate either at public or private sale, and to execute conveyances thereof in fee. He also directed his executors to put out his personal estate at interest, on real security, to be kept at interest until the same was payable to the legatees as directed by the will. P. Wyckoff and T. Van Beuren proved the will as executors, and took out letters testamentary thereon, and received the personal property and the rents and profits of the real estate ; Van Beuren being the acting executor. One of the daughters afterwards died, leaving seven children, her only issue. In February, 1825, the executors, by virtue of the power contained in the will, sold and conveyed to John B. Yates two houses and lots in Broadway, belonging to the estate of the testator, for $22,500 ; of which sum $10,500 was paid down, and the bond and mortgage in question was given for the residue, payable in five years with interest. The bond and mortgage were made payable to the executors, by the names and descriptions of Peter Wyckoff, and Thomas Van Beuren, executors of the last will and testament of John Dover deceased. In March, 1827, Van Beuren applied to Bogert to purchase the bond and mortgage ; who accordingly bought them, and took an assignment from Van Beuren alone, without the assent or knowledge of his co-executor. Van Beuren vested a part of the proceeds upon certain marine securities, and soon after failed ; being largely indebted to the estate. Of the monies loaned on the marine policies, a part was recovered and paid into the hands of a receiver, appointed upon the application of some of the legatees interested in the estate. The vice

chancellor decided and decreed that Bogert was not entitled to hold the bond and mortgage as against the persons interested in the estate ; and that the assignment to him by one of the executors, without the assent or concurrence of the other, was invalid, the bond and mortgage being given to them jointly in their character of executors and trustees under the will. (*See the vice chancellor's opinion*, 3 *Edw. Ch. Rep.* 20.)

*C. Edwards*, for the appellant. James Bogert had a right to consider Thomas Van Beuren and Peter Wyckoff as mere executors. And also, under the circumstances, the assignment by Van Beuren, the acting and resident executor, vested the bond and mortgage in him, Bogert. (*Swift* v. *Tyson*, 16 *Peters*, 1. *Douglass* v. *Satterlee*, 11 *John. Rep.* 21, 22, per *Kent, Ch. J. Wheeler* v. *Wheeler*, 9 *Cowen*, 34. *Colt* v. *Lansing*, 9 *id.* 320, 342. *Field* v. *Schiefflin*, 7 *John. Ch. Rep.* 150. *Sutherland* v. *Brush*, 7 *id.* 17. *Westly* v. *Clarke*, 1 *Eden's Rep.* 357. *Hovey* v. *Blakeman*, 4 *Ves.* 596. *Franklin* v. *Osgood*, 14 *John. Rep.* 527. 2 *R. S.* 95, § 72. *Green* v. *Hart, on appeal*, 1 *John. Rep.* 580. *Smith* v. *Jameson*, 1 *Esp. N. P.* 114. *Co. Litt.* 208, *K. n.* 1. *Owen* v. *White, Freem. Rep.* 126. *Freake* v. *Horseley, id.* 180. *Churchill* v. *Lady Hobson*, 1 *P. Wms.* 241. *Ex parte Griffin*, 2 *Glynn & Jam.* 116. *Lingard* v. *Bromley*, 1 *Ves. & Beam.* 114. *Beauchamp* v. *Silverbrok*, 2 *Ch. Rep.* 9. *Rider* v. *Bickerston*, 5 *Bac. Abr.* 401, *pl.* 122. 1 *Roper on Legacies*, 310, 311, 312. *Simpson* v. *Gutteredge*, 1 *Mad. Ch. Rep.* 609. *Denne* v. *Judge*, 11 *East*, 288.) The money was wanted for the purposes of the will. The bond and mortgage were given to Van Beuren and Wyckoff as executors, and are to be regarded as personalty. If so, one executor could sell, assign and discharge the same. The purchaser of the bond and mortgage was not bound to look to the application of the purchase money, nor beyond the bond and mortgage. These state on their face that they were taken by Van Beuren and Wyckoff as executors, not as trustees. Van Beuren

1841.

Hertell
v.
Bogert.

could have received the money due on the bond and mortgage, and discharged them. Wyckoff's joining in the receipt of the money was not necessary. Assignees in Bankruptcy are trustees, yet one assignee may receive money, and give a discharge. The legitimate duty of executors is to distribute estates. This bond and mortgage formed part of the assets to be distributed and divided. The money received on the assignment was therefore received as executor. If the bond and mortgage had been given to the testator, one executor could have assigned the same or received the money due thereon, and given the requisite discharge. So if Wyckoff had died, the authority of Van Beuren, as surviving executor, to sell this bond and mortgage would not have been disputed. A suit should have been pressed against the co-executor Wyckoff, and a full accounting obtained from Van Beuren, before resort was had to Bogert. If any suit can be sustained against Bogert, it can only be sustained by the co-executor Wyckoff, upon the ground that the bond and mortgage had not been legally assigned.

*W. Kent & S. Miller,* for the respondents. James Bogert, the appellant, acquired no title as against the complainants to the bond and mortgage in question, by the assignment from Van Beuren. Van Beuren and Wyckoff held the bond and mortgage which Van Beuren assigned to Bogert, as *trustees* and not as executors; neither of them, therefore, alone, had the power to sell or assign them. The bond and mortgage being a portion of the avails of the real estate, which they had sold as trustees, were not assets to be administered as personal estate, but were still *realty* belonging to the devisees to whom the same had been devised. The act or concurrence of *all* the trustees to whom a power or trust has been delegated, is necessary, to the due execution of the trust or power—one of several trustees has no power to sell or otherwise dispose of the property held in trust. (*Sinclair* v. *Jackson,* 8 *Cowen,* 583. 1 *T. R.* 487. 2 *Ver.* 515. 2 *Fonb.* 184. 19 *Ves.* 463. 1 *Esp.* 174. 2 *Chan. Cas.* 202. 3 *East,* 410. 3 *Swans.*

63.) The bond and mortgage showing on their face that they were given to Van Beuren and Wyckoff as executors, Bogert knew and had notice that they were so given ; he also was informed previous to taking the assignment, that the mortgage was taken on the sale of real estate. The power given in the will to the executors would not survive ; at all events all must join in its execution ; also all must join in the receipt of money. (*Sug. on Powers*, 163. 14 *Johns*. 527. 1 *Cru. Dig*. 550. 3 *Atk*. 584. 1 *P. Wms*. 241. 16 *Ves*. 191.) If Bogert had notice that the executors were trustees, he had notice that they should both have joined in the assignment. But if Van Beuren and Wyckoff held the bond and mortgage as executors, one of them could not, without the assent of the other, transfer the legal title to them by assignment. The bond and mortgage were given to both ; they were joint obligees and mortgagees ; the legal title was vested in both jointly, and both must unite or concur in an assignment to vest the legal title in the assignee. (*Smith* v. *Whiting*, 9 *Mass. Rep*. 334.) If two executors take a promissory note as such, and both endorse it, they become personally liable. They also become liable personally, if they make a note as executors. (2 *Ball & B*. 460. 1 *T. R*. 295. 7 *Ves*. 194.)

*S. F. Clarkson*, for the executors.

THE CHANCELLOR. After reading the very able and lucid opinion of the vice chancellor, upon the main question which arises on this appeal, very little remains to be said in reference to the appellant's claim to the bond and mortgage, under the assignment to him by Van Beuren, one of the mortgagees. I concur in opinion with the vice chancellor that this attempt of Van Beuren to sell the bond and mortgage, which had been taken upon the sale of the real estate, without the consent of his co-trustee and when money was not wanted for the purposes of distribution according to the directions of the will, was a palpable breach

1841.

Hertell
v.
Bogert.

of trust. Although one of the daughters had then died, the share of her children in the proceeds of the sale of the Broadway lots was but one third of the $22,500 for which those lots were sold; and the executors had already received more than that third of the proceeds of the sale exclusive of this bond and mortgage. And the will having directed the funds belonging to the estate to be put out upon real security, until they were wanted for the purposes of distribution, it was also a gross breach of trust to loan such funds upon the marine securities mentioned in Van Beuren's answer.

The appellant undoubtedly advanced his money without being aware of the fact that Van Beuren was selling the bond and mortgage without the knowledge and consent of his co-executor and trustee; and if it had been a bond and mortgage given to the testator in his lifetime, the assignee would, unquestionably, have acquired the legal title to these securities under the assignment of one of the executors alone. Executors, as such, are regarded in law as one person; and therefore if one of them sell the goods or the securities of the testator to a bona fide purchaser, who has no reason to suspect that such executor is committing a breach of trust, such purchaser will have a right to hold the same not only against the executors but also as against creditors and legatees. This is founded upon the general principle that, where the equities of the parties are equal, and one of them has obtained the legal title without notice of the prior equity of the other, this court will not interfere to deprive the party who has equal equity of the legal advantage he has gained, as a bona fide purchaser or assignee. If a promissory note is given to the testator, or a bond and mortgage are given to him in his lifetime, the endorsement of the note by one executor, or the assignment of the bond and mortgage by him, would be sufficient to transfer the legal title to such security to a purchaser thereof. And if the purchase, in such a case, was made in good faith, a court of equity would not interfere. The appellant's counsel, however, is under a mistake in sup-

posing that a security given to two or more executors joint-ly, stands upon the same footing ; so as to authorize one of the executors to transfer the legal title to the security with-out the concurrence of his co-executors. For in such a case the legal title to the security is in all the executors jointly, in the same manner as if it had been given to them as trustees under an ordinary trust ; and the concurrence of all the executors is necessary to transfer the legal title of the security, to the purchaser thereof. (*Smith* v. *Whit-ing*, 9 *Mass. Rep.* 334.) The appellant, or his counsel, under whose superintendence the purchase of this bond and mortgage was made, had therefore no right to presume that Van Beuren could sell and convey a good title to this bond and mortgage without the concurrence of his co-exec-utor ; even if he had supposed it was a security for monies belonging to the estate arising from the testator's personal property merely. There is a manifest distinction between the right of one of two joint payees of a note or of a bond and mortgage, to receive the monies due thereon, and the right of one without the consent of the other to sell or as-sign the security to a third person. In the first case the payment of the debt to one of the obligees is a legal dis-charge of the liability of the debtor. And if it has been paid in good faith, without notice of any equity in favor of a third person which should have induced the debtor to withhold such payment, the legal discharge of the debt will protect him, in chancery as well as at law, against parties whose equities are only equal to his. But in the second case, as the sale, or assignment, by one of two or more joint obligees, who are not copartners, cannot have the effect to give to the purchaser of the security the legal title to the same, the equity of the cestui que trust must prevail ; upon the principle that he who is prior in time is strongest in right where the equities of the parties are equal in other respects. (*Lepard* v. *Vernon*, 2 *Vesey & Beame.* 51. *Tourville* v. *Niash*, 3 *Peer Wms. Rep.* 308.) The de-cision of Chancellor Kent in *Sutherland* v. *Brush*, (7 *John. Chan. Rep.* 17,) appears to be inconsistent with

this view of the case, so far at least as his decree went to maintain the assignment of the bond and mortgage given to Palmer and Crosby jointly, upon the supposition that Palmer had not consented to that assignment, which was in fact made by Crosby only. It is evident, however, that my learned predecessor in that case overlooked the distinction between the sale by one executor of a security given to the testator, and the sale by him of a security given to him and his co-executor jointly without the consent of such co-executor. There is another substantial objection to that decision, which is, that Brush was not a bona fide purchaser so as to entitle him to protection as to any of the securities as against the complainants, although he had not notice of the fact that they belonged to the estate at the time of such assignment. Brush paid nothing upon the assignment to him; nor did he assume any responsibility or discharge any available security upon the faith of that assignment. But the assignment was made as a mere security to indemnify against a responsibility previously assumed. The decision, therefore, was directly in conflict with the principle which the learned chancellor had himself distinctly recognized and acted upon in the case of *Coddington* v. *Bay*, (5 *John. Ch. Rep.* 54,) and which had received the sanction of the court of dernier resort a few days before the case of *Sutherland* v. *Brush* was decided. (*See* 20 *John. Rep.* 637.)

In the present case the appellant was chargeable with notice, or rather he had actual notice, that the mortgage was held by the two exeutors in the character of trustees for the sale of the real estate under the will. On the face of the mortgage it only appeared that it was money due to them as executors. But C. Bogert, who was entrusted by the appellant to make the arrangement for the purchase of the bond and mortgage, unquestionably must have inquired into the title to the mortgaged premises. And if so, he necessarily ascertained that the mortgage was taken for the purchase money on a sale under the trust power in the will. In addition to this, he was examined as a witness for the

1841.

Hertell
v.
Bogert.

appellant and proves that he also had notice that it was a mortgage taken by the executors upon a sale of real estate. He states that a short time before the assignment the appellant informed him that Dr. Van Beuren had spoken to him respecting the purchase of a bond and mortgage taken by Van Beuren and Wyckoff as the executors of Dover, *for the balance of the consideration money on the sale of the Broadway property*, &c. The principal, therefore, as well as his attorney, must have known the real character in which this bond and mortgage were taken and held, under the will of the testator; and that, in point of law, it was impossible for one of the trustees to transfer a valid title to this bond and mortgage without the consent of his co-trustee, even if one of the executors alone could transfer a bond and mortgage which had been given to them jointly for a part of the personal assets of the decedent. (*Lewin's Law of Trustees*, 265.)

It is unquestionably hard that the appellant, who has advanced his money under such circumstances, should lose it; but it is equally so that the complainants should sustain the loss. In addition to that, the equitable maxim *qui prior est in tempore potior est in jure*, is sufficient to turn the scale in their favor. There is also another equitable principle which shows that they have the better right. That principle is, that when one of two innocent persons must suffer by the wrongful act of a third party, the one who by his negligence has enabled such third person to do the injury must himself bear the loss occasioned thereby. Here, the negligence of the appellant, in advancing his money and taking an assignment from one trustee alone, has enabled Van Beuren to commit this breach of trust. For if the attorney had not mistaken the law as to the right of Van Beuren alone to sell and assign the bond and mortgage, the result would have been that no breach of trust would have been committed. Or at least, if the co-trustee had joined in the assignment of the bond and mortgage, when the money was not wanted for distribution, he would have made himself personally liable to the complainants

for the loss.   The decree therefore, in its main features, is right and should be affirmed with costs.

A slight modification of the decree may be necessary, in a point not suggested to the vice chancellor, to enable him to make a final decree protecting the rights of all parties on the coming in and confirmation of the master's report. The appellant, who advanced his money upon this assignment, is entitled to protection so far as the money advanced by him was actually applied to the purposes of the trust; and so far as that money or the proceeds thereof can be traced and identified as now existing in available securities, or as being in the hands of the officers of this court so that it can be thus applied. The decree is probably broad enough now to make it the duty of the master to allow the appellant for any part of the money actually applied for the purposes of the trust, as an offset against the amount received by Bogert on the bond and mortgage. But it may not be broad enough to include any part of the fund paid to the receiver in the former suit, as testified by Walker; and which fund may be the avails of the money received from the appellant at the time of the assignment of the bond and mortgage to him. This modification the counsel for the respondents was understood as assenting to upon the argument; and it must be made accordingly. And the amount and present situation of that fund must also be stated in the master's report; and such fund must be transferred to the credit of this cause, so that it may be disposed of under the final decree made therein.

Decree accordingly,