Cox v. Walker.

ELBRIDGE COX *versus* TOBIAS WALKER *& al.*

In trespass upon land, conveyed in trust, the trustees can maintain an action; but if the *cestui que trust*, be in actual possession, he should be the plaintiff, though it is otherwise in ejectment.

An action can be maintained by a corporation legally existing, for any invasion of their rights in real estate, in the same manner, that it could be done by an individual who should be the owner; but one who is neither trustee, or *cestui que trust*, cannot maintain an action in his own name for the use of one or the other.

Under a deed in trust the legal estate is in the trustee; and if there be several trustees, it is not in the power of one or more to exclude from the possession of the land conveyed, another trustee. An attempt to do so would be inconsistent with rights, which the law secures by such a deed. A lease given by a part of the trustees would confer no power superior to that possessed by the lessors, and possession taken under the lease could not in the least abridge the right of possession of other trustees; the latter, although a minority, would be equally entitled to possession with those who might constitute the majority, without being guilty of a trespass.

If a grant of land be made to certain individuals named, to be by them held " as one entire property, never to be divided or severed, for the use of the first baptist society in K. to be forever kept for the sole use and support of a minister of the baptist denomination;" and at the time there was a society by that name, usually attending worship at a particular place, but which had never been legally organized as a parish, or authorized to act as such; and a society by the same name, and claiming to be the same society, is afterwards incorporated under the Stat. 1821, c. 135; this society, so incorporated, is to be considered as a new society, and not the one intended by the grant, or entitled to the benefit thereof.

TRESPASS *quare clausum*, originally commenced before a justice of the peace. As the writ was, when the action was commenced, there was no allusion in the declaration or writ, to the plaintiff's bringing the suit in any other character, or capacity, than his own. While the action was pending in the District Court, the plaintiff, by leave of Court, amended his writ by adding after the plaintiff's name in the declaration, these words, " as minister of the first Baptist society in ' Kennebunk." The defendants were Tobias Walker, Israel Taylor and Jamin Smith.

The following, is a copy of the pleadings, with the omission of the description of the premises and the long list of names.

" And the said Tobias Walker, Israel Taylor and Jamin Smith come and defend the force and injury when, &c., and as to the force and arms or any thing against the peace, and as to the whole trespass aforesaid, excepting the breaking and entering the close aforesaid and then and there taking twelve loads of manure, and using the same thereon, and ploughing and digging up the soil and treading down the grass in said close, they say they are not guilty thereof.

" By their Attorney, and plaintiff likewise by his Attorney.

" And as to breaking and entering the close aforesaid and taking twelve loads of manure and using the same thereon and ploughing and digging up the soil, and treading down the grass in said close, the said Tobias, Israel and Jamin say, that the said plaintiff, his action against them therefor, ought not to have and maintain, because they say the close aforesaid, in which the trespass aforesaid is supposed to be committed, contains seventeen acres, and situate in Kennebunk in the county of York; (there was no controversy as to the description,) being the same tract described in the plaintiff's writ, which said close as before described, of seventeen acres, was by deed of one George Taylor, dated the twentieth day of October, A. D. 1835, in Court to be produced, conveyed to John Roberts, (and twenty-five other persons named) to hold in trust for the First Baptist Society of said Kennebunk, and for the use and support of a minister of the Baptist denomination, and the said Tobias and Israel for themselves and the surviving trustees before named, said John Taylor (and five others) having since deceased, and said Jamin, as servant of the said Tobias and Israel, and by their command, at the time when said manure was taken and used as aforesaid, and said ploughing and digging up of the soil and treading down the grass in said close as before described, being the close soil and freehold of said Tobias and Israel and other trustees before mentioned, broke, entered, took and used as aforesaid, said twelve loads of manure, and ploughed and dug up the soil and trod down the grass, as they might lawfully do : and this the said Tobias, Israel and Jamin are ready to verify. Therefore they pray

judgment, if the said plaintiff his action ought to have and maintain against them, and for their costs.

"By their Attorney.

"And the said Cox, as to the said plea of the said Walker, Taylor and Smith above pleaded, saith, that he ought not to be precluded from having and maintaining his action thereof against them, by any thing in said plea alleged, because, he says, that at the time when said trespasses were committed, as alleged in the plaintiff's declaration, he was minister of the first Baptist Society in Kennebunk, and in possession and improvement of the premises described, as such minister, and by virtue of a lease, from a committee of said society, they being also three of the trustees mentioned in the aforesaid deed of George Taylor; without this, that the said Tobias and Israel for themselves and the surviving trustees before named, and said Jamin as servant of said Tobias and Israel, at the time when said manure was taken and used as aforesaid, and said plowing and digging up of the soil and treading down the grass in said close, broke and entered the same and committed the trespasses aforesaid *by the command of said surviving trustees ;* and of this puts himself on the country.    By his Attorney.

"And the defendants likewise by their Attorney."

At the trial in this Court before SHEPLEY J. the plaintiff proved, that the defendants entered upon the premises and removed two or three loads of manure from the barn yard into the field, the plaintiff being then present and forbidding them ; that the plaintiff had been in the actual possession and occupation of the premises for about two years preceding, under a lease from John Roberts, William Taylor and Seth Taylor, three of the persons named in the deed as trustees, and calling themselves a committee of " The First Baptist Society in Kennebunk ;" and that the plaintiff had during that time been the minister and preacher of a society called by that name.

The counsel for the plaintiff at first here rested, but after consultation with their clients, with the hope of having the controversy between the rival claimants settled, they introduc-

ed witnesses, and papers ; and the history of the acts of those claiming to be the first Baptist Society in Kennebunk was given. This sufficiently appears in the opinion of the Court.

The material words in the deed from George Taylor to John Roberts and others, mentioned in the defendants' plea, dated Oct. 20, 1835, so far as it can relate to this question, are these. "To be by them held in proportion to the sums by them respectively paid, as abovementioned, as one entire property however, never to be divided or severed, for the use of the First Baptist Society in Kennebunk, to be forever kept for the sole use and support of a minister of the Baptist denomination." It was not, however, made to appear on the trial, *that at the time this deed was given,* there was, or ever had been, a legal First Baptist Society in Kennebunk, although there had been a voluntary society, composed of persons residing in Kennebunk and other towns, under that name, usually attending public worship at an old house, owned by certain persons, some of whom called themselves of that society, and some did not.

After this evidence had been introduced, the presiding Judge ordered a nonsuit; which was to be set aside, if it was erroneously ordered.

This case was argued at the April Term, 1847, by

*J. Shepley* and *Appleton,* for the plaintiff— and by

*Bradley* and *Bourne,* for the defendants.

The briefs of the counsel were handed to the Court, but by some accident did not come into the hands of the Reporter. The points made for the plaintiff are therefore taken from the loose minutes from which the brief was prepared, with but few of the authorities cited ; and for the defendant from the Reporter's minutes.

For the plaintiff, it was said, that in order to determine, whether the nonsuit was rightly ordered, it was necessary to find what the issue to be tried was. And that issue, and the only one to be tried was believed to be simply, whether the defendants did or did not enter as the servants or under the

authority of the grantees, or trustees as they have been called, named in the deed.

There was no general issue pleaded, and there was no brief statement ; but merely one special plea, the introductory part of which goes only to the formal part of the declaration, the force and arms and whatever is against the peace and specially excepting the breaking and entering and carrying away the manure, and an issue to the country on this matter of form. This is proper, and according to precedent, but is no answer to the declaration ; and alone no plea. The residue and substantial part of the plea, is, that the land was the property of certain persons named as trustees, and that the defendants acted as their servants and entered under them. Together they form one plea. The plaintiff, in his replication, tendered an issue, denying that the defendants acted under or had any authority from the trustees. This issue was joined, and was the only one to be tried. The defendants thereby admit the trespass stated in the declaration, and undertake to justify it. The plaintiff has nothing to do, but to prove his damages, and the burthen is on the defendants to make out the justification set up by them. 1 Chitty's Pl. 534, 535 ; 5 Mass. R. 438 ; 10 Mass. R. 80. And it is wholly immaterial, whether the declaration is by the plaintiff in his individual capacity, or as minister of the parish. If the latter is the case, that there was such parish, and that he was the minister of it, was admitted by the plea. The plaintiff had nothing to do ; his case was made out, *prima facie ;* and the only question was, whether the defendants could make out their justification. It is believed, that it is perfectly clear, that the nonsuit was erroneously ordered.

There is no pretence, that there is any thing in the evidence reported, which would prove this issue. But had there been, it was for the decision of the jury, and not of the Court. All the evidence reported, save the amount of damages, is irrelevant, having no tendency to prove or disprove the only issue presented.

If the issue had been tried, and found for the plaintiff, as

we have a right to say it would have been as to this order of a nonsuit, the plea would have been avoided, and by the unquestioned rules of pleading, judgment must have been rendered for the plaintiff.

But were it possible, that this case could present the more important question, whether under such a grant as this, where six and twenty men are made trustees to hold the estate *as one entire property never to be divided* and *forever kept for the sole use of the First Baptist Society*, two out of the twenty-six, without authority from the others, can enter and turn out any one in the actual possession, especially, if in possession under three of the same trustees, then we say, that the trustees could act only by majorities, or by agents constituted by a majority. The private unauthorized acts of individual members, are like the unauthorized acts of any other individuals, who were not trustees, the acts of entire strangers.

It does not seem to be material to inquire, whether the action was by the plaintiff, or by him in the right of the parish, as in either case, it is an admitted fact, and not in issue. The words, however, inserted after the plaintiff's name, are merely descriptive of the person, and not enough to make it an action in behalf of the society. *Weston* v. *Hunt*, 2 Mass R. 502 ; Stearns on Real Actions, 386, 388, and Stearns' Forms, No. 9, 15, 19.

Whatever is said by way of protestations, before the traverse in a replication, is mere surplusage and cannot vitiate. At all events, it can only be taken advantage of on special demurrer. 1 Chitty's Pl. 534, 535.

*Bourne*, for the defendants.

Corporations must sue in their own names, unless the statute provides a different method.

No man can become a minister of a parish, but by a vote of the society. The church have nothing to do with it. 4 Greenl. 374.

The society, with which the plaintiff claims to be connected, is a new society, and not a continuation of the old one. 1 Greenl. 208 ; 1 Fairf. 17.

The deed makes the grantees tenants in common, or joint tenants. And one tenant in common cannot maintain trespass against another for occupation merely. 13 Maine R. 28; 13 Maine R. 417 ; Harper's R. 430.

A tenant cannot deny the title of his landlord. 1 J. J. Marsh. 38. And the acceptance of a lease from a third person is a fraud on the lessor. Case last cited, and 4 S. & R. 467 ; 3 Fairf. 478 ; 6 Wend. 666.

A surrender of a lease can be proved only by deed or writing. 16 Maine R. 212.

The plaintiff has not shown any authority to hold the premises as minister of any society. 2 Mass. R. 500; St. 1821, c. 135.

The case was continued *nisi*, and the opinion of the Court, WHITMAN C. J. concurring in the result only, was drawn up by

TENNEY J. — This is an action of trespass, *quare clausum fregit*, brought by the plaintiff as the minister of the First Baptist Society in Kennebunk and for their use. The defendants, in their first plea, admit that they broke and entered the close described in the writ and declaration, and did certain acts complained of therein, but deny that they did any of the acts by force and arms and against the peace, and the plaintiff joined the issue tendered. In a second plea, as to the acts admitted to have been done, the defendants say, that the close was conveyed by the deed of George Taylor, dated October 20, 1835, to two of the defendants and others, therein named, to be held in trust for the First Baptist Society of Kennebunk, for the use and support of a minister of the Baptist denomination, and that the said two defendants, for themselves and the other surviving trustees named in the deed, and the other defendant as their servant, did the acts complained of and admitted by the defendants to have been done, as they might fully and lawfully do. To this plea the plaintiff replied, that when the alleged trespass was committed, he was the minister of the First Baptist Society of Kennebunk and in the posses-

sion and improvement of the premises described, as such minister, and by virtue of a lease from a committee of said society, they being also three of the trustees mentioned in the deed of George Taylor, and tendered an issue to the country, which was joined by the defendants.

The plaintiff introduced the deed referred to in the plea to two of the defendants and several other persons their heirs and assigns forever, in consideration of a certain specific sum paid by each grantee, and to be held by each in proportion to the sums respectively paid by them, as one entire property however, never to be divided or severed, for the use of the First Baptist Society in Kennebunk, to be forever kept for the sole use and support of a minister of the Baptist denomination. From evidence introduced by the plaintiff, it appeared, that prior to and at the time of the conveyance, there was a house situated in Kennebunk, appropriated for public worship, called the old school house afterwards, and occupied by an unincorporated society, having connected therewith a church of the Baptist denomination. Subsequently a new meetinghouse was built in the town of Lyman, and the old house was sold and taken down. Before the latter was removed meetings were held simultaneously for public worship in both houses. Two societies were incorporated under the statute, each bearing the name of the First Baptist Society in Kennebunk, and composed of certain of the grantees named in the deed, with others, and a part of the church connected with the old society, attached itself to one of the new societies and a part to the other. One society established public worship at the old and the other at the new house, and each claimed to be entitled to the premises in dispute. The plaintiff also professes to occupy the land under a lease from certain persons, who are named as grantees in the deed, as a committee of the society which worshipped in the new house, and the two defendants, who were grantees in the same deed, claimed to have a right to perform the acts complained of in the writ. Upon the pleadings and the above mentioned facts adduced by the plaintiff, a nonsuit was directed by the Court.

In trespass upon land, conveyed in trust, the trustees can maintain an action ; but if the *cestui que trust* be in actual possession, he should be the plaintiff, though it is otherwise in ejectment.   1  Chitty's Pleadings, 49.   An action can be maintained by a corporation, legally existing, for any invasion of their rights in real estate, in the same manner that it could be done by an individual who should be the owner.   But one who is neither  trustee or *cestui que trust* cannot maintain an action in his own name for the use of one or the other.

Assuming that the plaintiff  was the minister of the society named in the deed, which is the *cestui que trust,* he cannot by virtue of that relation  alone  sustain  the action for the use of that society, the minister  not being, according to the  terms of the deed, either trustee or *cestui que trust.*

But it is contended for the plaintiff, that the only issue presented by the pleadings, is, whether the committee (being three of the trustees named in the  deed) under whom he claims by virtue of a lease, had authority to give him the right of possession and improvement of the premises described ; and that it is immaterial, whether he is the minister of the first Baptist Society in Kennebunk or not, that term being used in the writ merely as *descriptio personae.*

Under a deed in trust the legal estate is in the trustee, and if there be several trustees, it is not in the power of one or more to exclude from  the possession of the land conveyed another trustee.   An attempt to do so would be inconsistent with rights, which. the law secures by such a deed.   A lease given by a part of the trustees would confer no power superior to that possessed by the lessors, and  possession taken under the lease could not in the least abridge the right of possession of other trustees ; the latter, although a  minority, would be equally entitled to possession with those who might constitute the majority, without being guilty of a trespass.   *Porter* v. *Hooper & al.* 13 Maine R. 28.

When the deed was given by George Taylor, under which both parties claim, the society therein named as *cestui que trust,* does not appear to have had such an existence as would

authorize them to act as a corporation; but it was well understood as being the society, which worshipped at the old house in Kennebunk. It does not appear from the evidence, that any attempt was ever made to obtain from the legislature an act, by which that society could exercise corporate powers. It was probably-supposed by the grantees named in the deed, at the time of the execution thereof, that their purposes could be carried out by the trustees. But afterwards, a division of the old society having taken place, and two new societies having been formed, each having some of the trustees in their number, and bearing the name of the First Society in Kennebunk, claim to be identical with the society referred to in the deed. Neither of these societies can be so considered. They are new corporations, having as such, no relation whatever to the old society. They may or not be composed partly of those who were trustees, or members of that society, for whose benefit the conveyance was made. Being so, and assuming the name of that society is no foundation at all for the claim to be legally treated as the same. To yield to the truth of the proposition, that one or the other is the same thing as that, which was the *cestui que trust* in the deed, would be no less than to admit the absurdity, that an unincorporated society could be subdivided into an unlimited number of parts, and each be incorporated under the statute, preserving the name of the entire society, with which each might be identical and entitled to the use of the property appropriated.

Where it is alleged in the plaintiff's replication, that he was the minister of the First Baptist Society in Kennebunk and in possession and improvement of the premises described, as such minister, and by virtue of the lease from the committee of said society, we are to understand, that the society referred to is the same named in the deed. The proof adduced upon the issue presented, does not sustain or tend to sustain the affirmaitve of this issue, but proves the contrary, and therefore the lease can transfer no right greater, than that possessed by the trustees, who are the lessors; and we have seen that their

rights were not superior to those of the two defendants, who were also trustees under the deed.

*Nonsuit confirmed.*