JACOB FRITZ and MARY FRITZ, Appellants, v. THE CITY TRUST COMPANY OF NEW YORK, as Substituted Trustee under the Last Will and Testament of ELIZA EISNER, Deceased, Respondent.

*An assignment of a mortgage by two of three testamentary trustees, the third being enjoined from acting, is effective only to the extent that the trust estate receives the money — neglect of the third trustee to repudiate the transaction.*

Where three testamentary trustees as such hold a bond and mortgage executed to them as such, and two of such trustees, at a time when the third trustee is prevented from acting as such by a temporary injunction procured by one of his cotrustees, assign such bond and mortgage to a person having knowledge that there are three trustees, and fail to account to the trust estate for a portion of the consideration for the assignment, the assignment is valid only to the extent of the money actually received by the trust estate.

The fact that the trustee, who had been restrained from acting as such, did not repudiate the assignment after the injunction had been dissolved, does not enlarge the assignee's rights.

HIRSCHBERG, J., dissented.

APPEAL by the plaintiffs, Jacob Fritz and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of November, 1901, upon the decision of the court rendered after a trial at the New York Special Term.

This appeal was transferred from the first department to the second department.

*Nathan Ottinger* [*Ferdinand Kurzman* with him on the brief], for the appellants.

*Jerome Eisner*, for the respondent.

WOODWARD, J. :

This does not appear to be a case in which there should be any relaxation of the rule that trustees, however numerous, constitute in law but a single person, the concurrence of all of whom is necessary to the validity of any transaction involving the exercise of discretion. (*Cooper* v. *Illinois Central R. R. Co.*, 38 App. Div. 22, 26, and authorities there cited.) Sometime prior to the commencement of this action Harris Cohen and Abraham Cohen, the owners of the property No. 10 Baxter street, New York city, being desirous of paying a certain mortgage upon such property, and being uncertain whether the payment should be made to the plaintiffs in the present action or to the defendant as substituted trustee under the last will and testament of Eliza Eisner, deceased, brought an action on January 3, 1901, in which all of the parties to the present action were defendants, praying for leave to deposit the principal and interest due upon said mortgage with the court, and praying that the parties to this action might be made to interplead concerning such fund. Such proceedings were had in said action that on February 13, 1901, a final judgment and decree was made directing the deposit of $8,511.79 with the City Trust Company to the credit of this action, discharging the lien of the mortgage upon such premises upon such payment and directing " the defendants Jacob Fritz and Mary Fritz as plaintiffs, and the City Trust Company of New York as substituted trustee of and under the last will and testament of Eliza Eisner, deceased, as defendant," to interplead concerning their respective claims to the fund in dispute. Pursuant to this decree the present action was commenced, and being brought on for trial has resulted in a judgment awarding to the defendant, out of the fund of $8,511.79, the sum of $2,442.74, together with interest on said last-named sum for six years at five per cent. From the judgment entered plaintiffs appeal to this court.

There is practically no dispute as to the facts in the case, and the question presented for determination is whether if three trustees own a bond and mortgage, executed to them as such, can two of them sell and assign such bond and mortgage without the consent or concurrence of the third trustee? The court at Special Term has decided that they cannot, and we find no reason to differ in our conclusion from the decision of the Special Term. Joseph Stern,

Julius H. Eisner and Mark H. Eisner were trustees under the last will and testament of Eliza Eisner, deceased. As such trustees, on May 18, 1892, they took a bond and mortgage upon No. 10 Baxter street, New York city, from the then owners of the property, Isidore and Rebecca Abrahams, the bond and mortgage being taken in the names of the three trustees as such. On June 20, 1895, on the petition of Julius H. Eisner, one of the trustees, an order was made by the surrogate of New York county enjoining Mark H. Eisner, the third trustee of and under the last will and testament of Eliza Eisner, deceased, from "acting in the premises in anywise until the matter in controversy shall be disposed of, and until the further order of the court." This injunction was made in connection with an order to show cause why a permanent injunction should not issue, and was subsequently vacated. On July 27, 1895, while this injunction was in full force, the plaintiffs, through one Hugo Cohen as their attorney in fact, sought to purchase the above-mentioned bond and mortgage from the estate. Mr. Cohen called on Julius H. Eisner, at whose instance the order of injunction had issued, for the purpose of purchasing the same, and it is conceded that Mr. Cohen paid to the said Julius H. Eisner, as one of the trustees, the full amount of the mortgage, together with the interest which had accrued up to the day of the purchase, receiving the bond and mortgage, as well as an assignment in writing, executed by Joseph Stern and Julius H. Eisner, two of the three trustees under the last will and testament of Eliza Eisner, deceased. It is conceded that of the $8,322.86 paid by Mr. Cohen to Julius H. Eisner, $5,880.64 was actually paid to and received by the estate of Eliza Eisner, but the balance of $2,442.74 remains unaccounted for, and this sum is found to be due to the defendants as substituted trustees under the will of Eliza Eisner, deceased, together with interest from the date of the alleged transfer.

The plaintiffs had notice of the fact that they were dealing with trustees, for the bond and mortgage were made to Joseph Stern, Julius Eisner and Mark H. Eisner in their representative capacity. Mr. Cohen inquired at the time of the transfer why Mark Eisner did not join in the assignment, was told that Mark was under an injunction, and that he was then in Europe. This, we think, was sufficient to put them upon inquiry, and if they chose to purchase

trust property under the circumstances, they must be deemed to have assumed the responsibility of the disposition of the funds. They come fairly within the rule that where one of two innocent persons must suffer from the acts of a third person, he shall sustain the loss who has enabled the third person to do the injury.   (*Walsh v. Hartford Fire Ins. Co.*, 73 N. Y. 5, 10 ; *Timpson v. Allen*, 149 id. 513, 520.)   It is not disputed that the trust estate has been depleted by the amount found due to the defendant, with the interest from the time of the transfer, and as the plaintiffs took the bond and mortgage, knowing that it was trust property, without the concurrence of all of the trustees, they are bound to make good any loss resulting to the estate from the transaction.   The fact that Mark H. Eisner was under a temporary injunction, procured upon the petition of one of his cotrustees, could not invest the remaining trustees with any greater powers than they had before, and a modification of the rule in respect to the duties of trustees in this regard would open the way to fraud, which it is the policy of the law to prevent.   The plaintiffs could get no larger equity in the bond and mortgage than the amount which the estate received without the concurrence of all of the trustees, and we do not see how Mark H. Eisner can be said to have ratified the transaction because he took no action after the dissolution of the order of injunction.   His ratification could not make valid a transaction by which the estate had been deprived of a considerable sum of money ; the wrong had been worked while he was incapacitated, and the rights of all parties had been fixed.   While he may have been negligent in not seeking to restore the property, this cannot give the plaintiffs rights as against the trust estate, and we are of opinion that the case has been decided upon the merits and decided correctly.   If people will deal with trust property, disregarding the law, they must abide the result when they appeal to equity, which has a tender regard for trust estates, and will not permit them to be dissipated through an invasion of the rules intended to guard them against the carelessness or dishonesty of individuals.

The judgment appealed from should be affirmed.

All concurred, except HIRSCHBERG, J., dissenting, and BARTLETT, J., taking no part.

Judgment affirmed, with costs.