## ELIZABETH  A.  JAMES,  PETITIONER.

Suffolk, October, 1903.

*Mortgage  to  Executors  and  Trustees — Assignment — Execution  by  One,  Insufficient — Distinction  between  Mortgage  to  Testator  and  Mortgage  to  Executors  or  Trustees.*

In this title there occurs a mortgage given to two persons as executors and trustees under the will of one Monks, an assignment thereof by only one of the executors, and a discharge by the assignee.

In two old Massachusetts decisions a distinction is made, as to the right of one executor to assign a mortgage, between a mortgage taken by the testator and a mortgage taken directly by the executors. In the case of a mortgage made to the testator, one of two executors may make a valid assignment. George *v.* Baker, 3 Allen at 326, note. Where however a mortgage is made direct to the executors, one executor cannot assign it. Smith *v.* Whiting, 9 Mass. 334.

Neither case has been cited in any later decision in this State, and the text books differ radically in their opinion as to the law in the matter.

Mr. Crocker cites both cases with approval, and adds some authorities in support of George *v.* Baker. The cases cited by Mr. Crocker merely go to the authority of one executor to give a discharge however. Crocker, Notes on Common Forms, p. 182. In Lomax on Executors (360), and in Williams on Executors (9th Ed. 818), the principle is laid down that one of two executors cannot assign a debt of the testators, because it amounts practically to the assignment of a chose in action, and the co-executor might refuse to

come in, citing the old English case of Lepard *v.* Vernon 2
V & B 54.   In Tiedeman on Commercial Paper (148) the
point is made that the taking of a mortgage by an executor
is not within the strict duties of his office, and that therefore
the investment may be held to be that of the estate, or it
may be held to be that merely of the executors individually.
In Daniels on Negotiable Instruments (section 266) Smith
*v.* Whiting is disapproved of, and it said that the better
opinion recognizes no distinction between a mortgage taken
by the executors and one given to the testator himself, citing
Bogert *v.* Hertell in New York, and MacKay *v.* St. Mary's
Church in Rhode Island.   In Jones on Mortgages, Sec.
796(a), the same doctrine is stated, relying on Bogert *v.*
Hertell, but Smith *v.* Whiting is not mentioned.

In the Rhode Island case the matter is disposed of very
briefly, and the Court merely follows Bogert *v.* Hertell rather
than Smith *v.* Whiting.   Moreover the case itself was an
action on a promissory note given for a debt due the testator,
and so within the distinction made in Tiedeman, and readily
distinguishable from Smith *v.* Whiting.   MacKay *v.* St.
Mary's Church 15 R. I. 121.

The case of Bogert *v.* Hertell was very fully considered
and three times reported.   The facts were like those in the
case at bar, with the additional circumstance that in Bogert
*v.* Hertell the executor who made the assignment misappro-
priated the funds thereby obtained.   The Vice-Chancellor
went into the question very thoroughly, and based his decis-
ion that the assignment was invalid upon the ground that in
taking the mortgage the executors were not acting within
the proper scope of their duties as executors, and must there-
fore be deemed to have taken it as trustees.   On appeal the
Chancellor sustained the decision, citing Smith *v.* Whiting.
The case then went to the Court of Errors where, by a
divided court and with a strong dissenting opinion filed, the
decisions below were reversed, and Smith *v.* Whiting was

disapproved. Hertell *v.* Van Buren, 3 Edw. Ch. 20. Bogert *v.* Hertell, 9 Paige, 52. Bogert *v.* Hertell, 4 Hill. 492.

Whatever the law may be elsewhere, in Massachusetts the case of Smith *v.* Whiting has never been overruled, and moreover the decision itself appears to be perfectly sound. The principle involved is not a matter of pleading, it is simply the question whether the note or mortgage was taken by the holders in their capacity as executors and within their duties as such, or in the capacity of trustees, whether trustees de jure or de son tort being immaterial.

There must be service of process in this case on the Monks estate. If the petitioners can show that the mortgage was accounted for in that estate, they may on the ground of equitable estoppel have a decree; but on the record as it stands, the title is not proper for registration.

So ordered.

Note: See Robbins *v.* Horgan, 192 Mass. 443.