In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee under the Will of LEWIS LUCKENBACH, Deceased.
LEWIS LUCKENBACH et al., Appellants; EDGAR F. LUCKENBACH, JR., et al., Respondents.

Second Department, April 2, 1951.

*Francis A. McGrath* and *Philip Barnett* for motion.

*Roscoe H. Hupper* opposed.

*Robert W. Owens, Jr.,* opposed.

*Per Curiam.* This is a motion for reargument of a prior motion to dismiss the appeal; to resettle an order dated March 5, 1951, which dismissed the appeal, and for leave to appeal to the Court of Appeals.

The motion for reargument is granted. Upon reargument the prior determination to dismiss the appeal is adhered to and the motion, in all other respects, is denied, without costs.

In 1906, the will of Lewis Luckenbach, deceased (hereinafter referred to as the " grandfather "), dated June 13, 1905, was probated. Insofar as material, it directed that the residuary be held in trust, with income therefrom to the extent of $15,000 to be paid to the widow, with the balance to the only child of testator, Edgar F. Luckenbach (hereinafter referred to as the " father "). On the death of the widow and the father, the grandfather directed that the corpus be divided among the issue of the father, who are a daughter, Andrea, and a son, Edgar F., Jr., both of whom are respondents here, and a son Lewis, an alleged appellant. The widow died in 1929. The father died on April 26, 1943. As of that time, if not earlier, the three shares in the remainder absolutely vested in the three children of the father.

Prior to the death of the father, however, and on September 1, 1936, the son Lewis, alleged appellant, had executed a trust agreement whereby in conjunction with an assignment of May 4, 1943, he conveyed to three named trustees all his right, title and interest in the remainder of the estate of the grandfather. The trust agreement provides, *inter alia*: " 10. In the event of a disagreement among the Trustees as to a course of conduct or a policy to be followed, then the will of the majority of the Trustees shall control and be binding upon the third Trustee. It is specifically provided that this agreement shall be controlled by the laws of the State of California, no matter where the property hereunder may be situated or located or where the estate may be administered."

The decree purported to be appealed from grows out of a consolidated accounting proceeding instituted on behalf of the daughter Andrea against the father, as trustee, for a compulsory accounting on June 21, 1938, and a voluntary accounting by the father, as trustee, instituted in January, 1939. The son Lewis, purported appellant, and his three trustees, Barnett, Landres and Wente, appeared by Shearman & Sterling and intervened in that accounting proceeding in January, 1939. The gist of that accounting controversy was whether the father was required to account only for assets with which he had been charged as trustee in 1908, or a business which he had allegedly developed out of such assets. There was also presented a question of commingling of assets arising from the fact that the father indiscriminately used the assets of the estate of the grandfather with his own interest in the same steamship business with that of an uncle, which the father purchased in 1925.

On the death of the father, the executor under his will, Roscoe H. Hupper, undertook to account for the father, as trustee, to the date of the death of the father. After extensive litigation, inclusive of appeals, a decree was made December 14, 1950, which was served with notice of entry on December 18, 1950, from which by an original notice dated January 10, 1951, and an amended notice dated January 12, 1951, the son Lewis and two of the three trustees purport to appeal by their attorneys Barnett and Francis McGrath.

The son Edgar F., Jr., then moved to dismiss the appeal upon the ground (a) of the status of the attorney representing the alleged appellants; and (b) of the status of the alleged appellants.

Barnett is not an attorney admitted to practice in this State and, in consequence, his name on the notice of appeal is worthless; but McGrath's appearance is sufficient. It is argued in support of the motion that McGrath cannot prosecute the appeal because he did not file a notice of appearance or authorization in accordance with section 63 of the Surrogate's Court Act. This is unnecessary. As set forth in *Slepin* v. *Beck* (84 Misc. 254) the authority of the attorneys (Shearman & Sterling) who originally represented the trustees ceased with entry of judgment, leaving a successor free to prosecute an appeal and his authority to do so is presumed.

As to (b), the second phase, it is argued that the son Lewis cannot appeal because he has no interest inasmuch as he, concededly, irrevocably assigned his interest to named trustees. It is contended, in opposition, that inasmuch as he was named as a party in the accounting proceeding itself, he is entitled to be named as an appellant from the decree made therein. As it is undisputed that this proceeding does not involve any issue as to the validity of the trust agreements, the son Lewis clearly has no interest and the appeal taken on his behalf must be dismissed. As stated in *Matter of Hodgman* (11 App. Div. 344, 353, affd. 161 N. Y. 627):

" If our conclusions are correct, neither of the petitioners had an interest in the estate of Fredrick D. Hodgman. The surrogate, therefore, could properly, and probably should, have dismissed the proceeding instituted by the petitioners. (*Matter of Pruyn,* 76 Hun, 128; 141 N. Y. 544; *Matter of Wagner,* 52 Hun, 23; 119 N. Y. 28.) * * *

" Whether or not the surrogate reached a correct conclusion, or in the progress of the trial made erroneous rulings, the appellants, having no interest in the estate, are not concerned. We are, therefore, not called upon to consider whether the surrogate erred in settling the account of the executors or in his rulings upon the trial."

There remains for consideration, therefore, the purported appeal by " Philip Barnett and Herman Landres, as Assignees and Trustees of said Lewis Luckenbach, a remainderman * * *." This alleged appeal by two of the three trustees fails to include the third trustee, one Wente, who, the appellants state, resigned in February, 1950. The attorney for Edgar F. Jr., points out that no evidence or proof of such resignation has been submitted and that there was no intimation thereof to the parties prior to August, 1950. There is no claim that the account of Wente has been settled and that he has been dis-

charged by court order, or that a successor for Wente has been appointed, or even that the alleged resignation of Wente has been accepted by anyone.

It is well settled both in this State and in California that trustees, whatever their number, must act together and collectively constitute an entity. As stated in *Cooper* v. *Illinois Central R. R. Co.* (38 App. Div. 22, 28): '' Trustees, however numerous, constitute in law a single person. As Perry expresses it: ' They all form, as it were, one collective trustee.' (Perry Trusts, § 411.) When a trust or authority is delegated for private purposes, the concurrence of all who are intrusted with the power is necessary to its due execution. (*Sinclair* v. *Jackson,* 8 Cow. 583; *Wilder* v. *Ranney,* 16 Wkly. Dig. 478; *Wilbur* v. *Almy,* 12 How. [U. S.] 180.) One of several trustees, therefore, cannot make a valid contract relating to the trust estate; he cannot lease, incumber, sell or otherwise dispose of the trust property. (*Berger* v. *Duff,* 4 Johns. Ch. 368; *Hertell* v. *Bogert,* 9 Paige, 52; *Anon.* v. *Gelpcke,* 5 Hun, 255; *Brennan* v. *Willson,* 71 N. Y. 507; *Cox* v. *Walker,* 26 Maine 504.) He may collect rents, dividends, etc. (*Williams* v. *Nixon,* 2 Beav. 472.) Payment of a mortgage to one of two trustees is a valid payment. (*Bowes* v. *Seeger,* 8 W. & S. 222.) Acts that are of a ministerial nature he may do. Acts that call for the exercise of judgment and discretion he may not do.''

It is stated in *Fritz* v. *City Trust Co.* (72 App. Div. 532, 535, affd. 173 N. Y. 622): '' The fact that Mark H. Eisner was under a temporary injunction, procured upon the petition of one of his cotrustees, could not invest the remaining trustees with any greater powers than they had before, and a modification of the rule in respect to the duties of trustees in this regard would open the way to fraud, which it is the policy of the law to prevent.''

In *Bascom* v. *Weed* (53 Misc. 496, 508): '' The general rule is that, where more than one trustee is appointed, all must join in order to make their action legal. I think there are no exceptions to this rule, and any attempted departure therefrom by direction of the testator must be strictly construed and the power to act by less than the full number of trustees must be limited to the acts specifically designated in the will and may not be enlarged by implication.''

The rule is the same in California. In *Anthony* v. *Janssen* (183 Cal. 329, 334) the Supreme Court states: '' There is no provision of the law authorizing them to act separately in the matter. Their powers as trustees must therefore be

exercised by the united action of all of them in order to be valid. (Civ. Code, secs. 860, 2268.) "

Section 2268 of the California Civil Code thus referred to provides: " § 2268. *All must act.* Where there are several cotrustees, all must unite in any act to bind the trust property, unless the declaration of trust otherwise provides."

It is clear that in this case, the notice of appeal filed on behalf of two of the trustees was in violation of the rule that all must act, inasmuch as the alleged justification for the failure to include the third trustee is that he had resigned. The purpose of procuring the affirmative action of all trustees is as set forth in an analagous situation wherein, by statute, three judges were required to join in a determination to restrain the Interstate Commerce Commission, and in holding that an order made by only two was a nullity (the third being prevented by illness from joining in the determination) it was held by the United States Supreme Court in *Ayrshire Corp.* v. *United States* (331 U. S. 132, 139): " Moreover, we cannot say that the failure of the third judge to participate in the determination of a case, where the other two are in agreement as to the result, is without significance. The decision reached by two judges is not necessarily the one which might have been reached had they had the benefit of the views and conclusions of the third judge. And should the latter have publicly indicated an opinion differing from that of his colleagues, his position might be helpful to the litigants and to this Court if the case were appealed."

The alleged resignation of one trustee is no legal excuse for action by but two trustees. A successor trustee, properly appointed, should have been joined in making the determination. Such a successor should have acted. In any event, however, the alleged resignation of the trustee Wente is without significance. He is still a trustee so far as appears. As stated in *Thatcher* v. *Candee* (33 How. Prac. 145, 149): " The authorities are clear that a trustee cannot divest himself of the obligation to perform the duties of the trust, without an order of the court, or the consent of all the *cestuis que trust.* (*Shepherd* agt. *McEvers,* 4 Johns. Ch. 136; *Cruger* agt. *Halliday,* 11 Paige, 319; *Ridgeley* agt. *Johnson,* 11 Barb. 527.) These authorities are sufficient to establish that D. W. Candee is a trustee, notwithstanding his assignment and disclaimer."

It was held in *Bixby* v. *Hotchkis* (58 Cal. App. 2d 445, 452): " The trial court properly ruled that the resignation of Mrs. Hotchkis as trustee did not indirectly effect a revocation

of the trust and that it was her duty to protect the trust estate pending the settlement of her account and the delivery of the corpus of the estate to her successor. After Mrs. Hotchkis entered upon the management of the trust it was her duty to continue to manage the property until her discharge as trustee. (*Cauhape* v. *Barnes,* 135 Cal. 107, 112 [67 P. 55].) ''

The California Civil Code provides: '' § 2260. *Duty of trustee as to appointment of a successor.* If a trustee procures or assents to his discharge from his office, before his trust is fully executed, he must use at least ordinary care and diligence to secure the appointment of a trustworthy successor before accepting his own final discharge.''

The notice of appeal is fatally defective in that it is only by two of three trustees. The trustees must act as an entity and each of them must act. Here the two trustees have assumed to act without regard to the third trustee, who has not been consulted and has not acted. He is still a trustee, despite the claim that he resigned; and in any event his successor should have acted. Although no motion therefor has been made, this notice of appeal, under the circumstances, cannot be corrected or amended. There is here no mere irregularity. There is an admission that the third trustee has not been consulted and has taken no action; and the thirty-day period within which to appeal has expired without such a determination during that period by the trustees as an entity.

In so holding, the provision in the trust agreement that in the event of disagreement among the trustees, the will of the majority shall control, is not overlooked. This provision, consonant with the accepted rule, contemplates action by all three trustees and regards them as an entity even if there be disagreement among them. In the event of such disagreement within the period of time action could be taken, the majority policy binds the third trustee and, in effect, becomes the determination of all three trustees as an entity, with the majority free to act in the names of all trustees. There is no claim here that the notice of appeal purports to be on behalf of the three trustees as an entity. It is a notice on behalf of two individual trustees who have not had the benefit of the determination of the third trustee, and is filed on the erroneous theory that the third trustee is no longer such and may be ignored. If this notice could be accepted as valid, it would follow that an appeal by a single trustee would also be valid, if he claimed that his two cotrustees had resigned. Nor does the purported notice of appeal name the third trustee as a respondent, though

that might well be a futility. The cases of *Belmont* v. *O'Brien* (12 N. Y. 394, 405); *Bockes* v. *Hathorn* (78 N. Y. 222, 225, 226); and *Cumming* v. *Middletown, Unionville & W. G. R. R. Co.,* (147 App. Div. 105) are not to the contrary.

The notice of appeal is ineffectual.

Nolan, P. J., Carswell, Sneed and Wenzel, JJ., concur; Johnston, J., not voting.

Motion referred to the court that rendered the decision of March 5, 1951.

Carswell, Acting P. J., Sneed, Wenzel and MacCrate, JJ., concur; Johnston, J., not voting.

Motion for reargument granted. On reargument the prior determination dismissing the appeal is adhered to and the motion, in all other respects, is denied, without costs. [See *post,* p. 841.]