# N. Y. SUPERIOR COURT.

THE PEOPLE ex rel. AARON ADAMS agt. FRANZ SIGEL, Register, &c.

A resident *acting trustee*, his co-trustee having been absent abroad for a number of years, may receive payment of a mortgage and sign and acknowledge a satisfaction-piece thereof. And a *mandamus* will issue requiring the register to receive and file the satisfaction-piece and discharge the mortgage.

*Special Term, October*, 1873.

APPLICATION for a mandamus.

VAN VORST, *J.*—Under the peculiar circumstances of this case it cannot but be that the relator is entitled to have the mortgages satisfied of record.

There is but one acting trustee ; the other is and has been absent abroad for many years. The relator was entitled to pay the mortgages, and the resident acting trustee was right in receiving the money. In so doing he was acting under powers incident to the trust.

The facts of the case indicate a concurrence of the absent trustee in the action of the resident trustee. Whether or not he be personally liable for the moneys received by the co-trustee, under the circumstances, is another question and not herein involved.

It is conceded that trustees differ from executors in regard to pains and liabilities. Executors may act severally in the sale and distribution of property of the estate, and in receiving and discharging claims. Trustees act jointly—certainly so in all matters which involve judgment and discretion.

The People agt. Sigel.

It may well be urged that the resident and acting trustee could not refuse to receive the money on the mortgages, when due and tendered. If not paid, it may have been his duty to enforce payment when due.

And, had he refused the money when due and tendered to him, he may have become personally liable, to some extent, to the *cestui que trust*. Under such circumstances, acknowledging receipt for the same would be a ministerial act, and which he could individually perform.

But however that may be, he having received the money and signed a satisfaction-piece of the same, the lien of the mortgages is gone, and they should be discharged.

This decision operates no further than the peculiar facts, conditions and necessities of this case, and is not to be regarded as any relaxation of the rules which apply to the powers or duties of trustees, or of the legal proof required by the register to satisfy mortgages provided for by the statute.

A mandamus should issue directing the register to receive and file the satisfaction-pieces and discharge the mortgages. But no costs should be allowed, as the register was justified in awaiting the order of the court before proceeding to cancel the mortgages.