HERMANN BUSSE, Appellant, *against* EDWARD T. SCHENCK *et al.*, Respondents.

(Decided March 15th, 1885.)

On the trial of an action against trustees for work done in making repairs of a building belonging to the trust estate, it appeared that only one of the trustees authorized the doing of the work, and there was no evidence of any emergency requiring immediate action by him without consulting his co-trustees, or that he had any authority from them to bind the estate for the expenditure, or that they had any knowledge, during the progress of the work, that he had attempted so to bind the estate. *Held*, that the complaint was properly dismissed.

APPEAL from a judgment of this court entered upon a dismissal of the complaint at the trial.

Defendants in this action were trustees of the estate of Samuel Wood, deceased, and as such were the owners of the Pavilion Hotel, at Woodsburg, L. I. Plaintiff was a house painter and frescoer, &c., doing business in this city, and for certain work done upon said hotel by him this action is brought.

Prior to the doing of the work plaintiff did not see either of the trustees, and had no conversation in respect thereto with anybody except one Barr, who was a tenant of the hotel, and one Powers. Barr, upon the trial, testified to a conversation with Martin Wood, one of the defendants, in which he told him that certain work was necessary to be done, and that he (Barr) proposed to calcimine the rooms. That Wood said to him, "Don't you get any calcimining done here at all, because it will spoil the fresco that is on the walls now," and Barr replied : "We cannot afford this frescoing." "Very well," said Wood, "then you get the frescoing done and we will pay for it."

Plaintiff testified that Mr. Barr had called upon him and told him that there was some painting to be done on the hotel, and that he had to put a man to do it, and to give an

estimate on the work, as he had an order from the estate to get it done; that he showed him all the work, including calcimining, frescoing and painting, and that he gave him his estimate; that Barr told him that he could not give the order then, but would have to see Mr. Wood first; and after a couple of days Barr came to plaintiff and told him to come out and do the work. There was some testimony offered as to an interview between plaintiff and a Mr. Simmons, another trustee, after the work was done, which does not seem to be material to the consideration of the question involved upon this appeal, as it did not involve any recognition of any liability upon the part of the estate to pay for the work done.

Upon the close of plaintiff's case a motion was made by defendants to dismiss the complaint, which was granted, and an exception taken by plaintiff; and from the judgment for defendants thereupon entered plaintiff appealed.

*M. L. Marks*, for appellant.

*E. Schenck*, for respondents.

VAN BRUNT, J.—[After stating the facts as above.]—In view of the testimony above referred to, it might be questioned in any event as to whether there was any liability upon the part of the defendants to the plaintiff in this action for any work done, in that he was never employed by them, but that the agreement was that the estate would be responsible to Mr. Barr for what he should pay for the frescoing, and not to the persons whom he employed, but it is not necessary to decide this proposition in view of the fact that there is no evidence of an employment by the estate.

Trustees have different powers and authority from executors. One executor may act alone in the administration of the estate, and his acts will be binding upon the estate. Trustees, however, must act jointly. They can make no contracts in regard to the estate; they cannot change the

position of the estate, and they can do nothing except by united action. Therefore, in the case at bar, the only evidence being that one trustee authorized the doing of this work (and there is no evidence that the other trustees were cognizant that such work was being done upon the credit of the estate), there was no joint action such as would be binding upon the estate.

In the opinion of Mr. Justice DANIELS in *Anon* v. *Gelpcke*, (5 Hun 245), most of the cases in reference to the rights and powers of trustees are referred to and commented upon, and the conclusion arrived at by the learned court is in consonance with the principle which has been hereinbefore announced.

It is urged that in respect to repairs of the trust property this rule cannot apply, but that the necessities of the case must require that one of the trustees must have the authority in an emergency to act without waiting for consultation with his co-trustees; as, if a leak in the roof occurs, or any sudden emergency should arise which required immediate action; that such a necessity shows that the rule is not without exception. It might be observed that no such necessity is shown in the present case, as frescoing does not seem to be a work of such a character as requires the immediate action of one trustee when his associates are accessible, but the principle seems to have been recognized in Tiffany & Bullard on Trusts (p. 539), and is referred to by Mr. Justice DANIELS, that as far as the ordinary routine business of the estate is concerned, the trustees may constitute one of their number as their agent for the purpose of transacting such business, and that such action is to be considered as the act of an agent rather than of an individual trustee.

The proof in this case fails to show that the defendant Wood had any authority whatever from his co-trustees to bind the estate to any expenditure, or that they had any knowledge whatever, during the progress of this work, that he had attempted so to bind such estate. Under these circumstances I fail to see upon what principle a recovery can

be had against the estate. If Martin Wood exceeded his authority in consenting to the employment of the plaintiff in doing this work, he is individually responsible; but without the consent of his co-trustees, as has been above observed, the estate, which he cannot bind without such consent, is not liable.

The judgment appealed from should be affirmed with costs.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.:

Judgment affirmed, with costs.