(36 Misc. Rep. 245.)

EGBERT et al. v. McGUIRE et al.

(Supreme Court, Special Term, New York County.   November, 1901.)

MORTGAGE—EXTENSION—RELEASE OF SURETY.

> Where one of two trustees under a mortgage extends the time of payment, it does not discharge the mortgagor, who had become a surety through his grantee's assumption of the mortgage, as such extension is invalid, unless acquiesced in by both trustees.

Bill by Thomas N. Egbert and others, trustees, against Thomas J. McGuire and others.   Judgment for plaintiffs.

George W. Case, Jr., for plaintiffs.
Stanton & Hopkins, for defendant McGuire.

McADAM, J.   The suit is in equity to foreclose a mortgage on real property made by the defendant McGuire to the plaintiffs, as trustees, to secure $21,500 and interest.   McGuire subsequently conveyed the property to one Carrie S. Shotwell, who assumed the mortgage debt, and thereby became, as between grantor and grantee, the principal debtor therefor.   Baylies, Sur. 39;  Paine v. Jones, 76 N. Y. 274.   It is claimed by the defendant McGuire that at the time of such conveyance the plaintiffs, without his consent, extended the time for paying the mortgage debt, whereby he became discharged from all liability.   Baylies, Sur. 39;  Paine v. Jones, supra; Spencer v. Spencer, 95 N. Y. 358.   The extension which was offered in evidence by the defendant, and excluded under exception, was signed by one of the two trustees who held the mortgage, and the question presented is whether this is a proper execution of authority by trustees.   The rule is that, where the administration of a trust is vested in cotrustees, they all form but one, as trustees, and must execute the duties of their office jointly.   Tiff. & B. Trusts, 539;  Sinclair v. Jackson, 8 Cow. 543.   The power of trustees is equal and undivided.   They cannot, like executors, act separately. All must join in sales, conveyances, or other disposition of trust property.   Hill, Trustees (4th Am. Ed.) *305;  Perry, Trusts (5th Ed.) § 411;  Sinclair v. Jackson, supra;  Ridgeley v. Johnson, 11 Barb. 527.   Where, therefore, one only of two trustees signs a lease, it is void as against the trustees, or any one claiming under them. Earle v. McGoldrick, 15 Misc. Rep. 136, 36 N. Y. Supp. 803;  Hill, Trustees (5th Am. Ed.) *305;  Anon. v. Gelpcke, 5 Hun, 245, 255.   In Busse v. Schenck, 12 Daly, 12, the court said:

"Trustees have different powers and authorities from executors.   One executor may act alone in the administration of the estate, and his acts will be binding upon the estate.   Trustees, however, must act jointly.   They can make no contracts in regard to the estate, they cannot change the position of the estate, and they can do nothing, except by united action."

Of course, there are exceptions to this rule, as to many others. Thus, the necessities of the case may require that one of the trustees have the authority in an emergency to act without waiting for consultation with his cotrustee;  as if a leak in a roof occurs, or any sudden emergency should arise which requires immediate action. It was therefore held that, where one of two trustees was in Europe, the one remaining here might lawfully execute a satisfaction piece of a mortgage.   People v. Sigel, 46 How. Prac. 151.   There was no emergency here;  neither was there an absent trustee.   The cotrustee was where he might and ought to have been consulted in regard to any change by extension of time of payment of the trust securities.   The theory of implied power in one trustee, where the other goes abroad and absents himself, is that the trustee who withdraws from the country impliedly leaves the trust in the management and control of the trustee who remains in charge, and his power becomes commensurate with then existing conditions.   "Necessitas facit licitum quod alias non est licitum."   But where the absent trustee leaves an attorney here empowered to act for him, and this is known to the cotrustee, such implied power does not

exist; for such attorney must be consulted, and any compromise agreement made without his approbation is ineffective. Anon. v. Gelpcke, 5 Hun, 256. It is clear, therefore, that the attempted extension executed by one trustee without the concurrence of the other cannot effect a change of the trust securities, does not operate as a valid extension of the time to pay, and consequently did not discharge the surety; for such a release follows only where the creditor has in some legal manner disabled himself from prosecuting the principal debtor, or enforcing his legal remedies respecting the securities. The plaintiffs are therefore entitled to the usual decree of foreclosure and sale, with the customary provision as to deficiency, etc.

Judgment for plaintiffs.