In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee under the Will of LEWIS LUCKENBACH, Deceased. LEWIS LUCKENBACH et al., Appellants; EDGAR F. LUCKENBACH, JR., et al., Respondents.

Argued November 20, 1951; decided March 13, 1952.

*James A. Delehanty, Francis A. McGrath* and *James N. Vaughan* for appellants. I. The Appellate Division employed a principle of law, existing for the protection of trusts and the effectuation of a trustor's intention, as a means for injury to the trust and frustration of the trustor's intention. (*Noble State Bank* v. *Haskell,* 219 U. S. 104; *Matter of Fowles,* 222 N. Y. 222.) II. Where less than all of several trustees exercise a power in the administration and management of a trust, the act thus performed is not void but voidable. (*Hull* v. *Newhall,* 244 Mass. 207.) III. Factually, when the appeal was taken there were in office as trustees *inter vivos* only Barnett and Landres since Wente from February 17, 1950, had been out of office as trustee. All powers over the trust from that day forward were fully vested in the continuing trustees and accordingly the appeal by them was sufficient under a literal application

of the rule requiring united action by cotrustees. IV. The rule requiring unitary action by cotrustees is not inflexibly applied to all situations but is molded to meet the facts so that its application will be enforced with justice to the trust. (*Belmont* v. *O'Brien,* 12 N. Y. 394; *Weeks* v. *Frankel,* 197 N. Y. 304; *Lane* v. *Hustace,* 154 App. Div. 636; *Matter of Crossman,* 20 How. Prac. 350.) V. Under the proved circumstances an emergency existed within the meaning of the rule which states that less than all of several cotrustees may effectively act to protect the trust in order to meet changed circumstances. VI. The action below in dismissing the appeal cannot be reconciled with statutory policy which determines that the right of appeal is a valuable right and shall not be lost for technical defects provided the appeal is taken on time. (*Hartigan* v. *Casualty Co. of America,* 180 App. Div. 193; *Evans* v. *Backer,* 101 N. Y. 289; *Matter of Donahue,* 193 Misc. 685.) VII. The court below seriously erred in dismissing the appeal of Lewis Luckenbach in his individual capacity because, first, he is in fact an aggrieved party and, second, his status as such is the established law of this case in virtue of the history of the litigation. (*Matter of Pruyn,* 76 Hun 128, 141 N. Y. 544; *Matter of Wagner,* 52 Hun 23, 119 N. Y. 28; *Matter of Winburn,* 270 N. Y. 196; *Matter of Burk,* 298 N. Y. 450; *Western R. R. Co.* v. *Nolan,* 48 N. Y. 513.) VIII. The fact that Lewis Luckenbach is an aggrieved party is determinable by consideration of his status as fixed by the law of California which controls the *inter vivos* trust. Under that law it has been authoritatively decided that a party circumstanced as is Lewis Luckenbach has an absolute right to appeal against any decision adverse to the interests of the trust. (*Nichols* v. *Emery,* 109 Cal. 323; *Warren Co.* v. *All Persons,* 153 Cal. 771; *Davidow* v. *Corporation of America,* 16 Cal. App. 2d 6; *Cullinan* v. *Mercantile Trust Co.,* 193 Cal. 562; *Matter of Finch,* 202 Cal. 612.)

*Robert W. Owens, Jr., William R. Conklin* and *Sperry Butler* for Edgar F. Luckenbach, Jr., respondent. I. Lewis Luckenbach was not a party aggrieved by the decree of the Surrogate's Court. (*Ward* v. *Iroquois Gas Corp.,* 258 N. Y. 124; *Bryant* v. *Thompson,* 128 N. Y. 426; *Hyatt* v. *Dusenbury,* 106 N. Y. 663; *Idley* v. *Bowen,* 11 Wend. 227; *Matter of Hodgman,* 11 App. Div.

344, 161 N. Y. 627; *Mills* v. *Hoag,* 7 Paige Ch. 18; *Reid* v. *Vanderheyden,* 5 Cow. 719.) II. The law of New York, not California law, governs this question. (3 Beale on Conflict of Laws [1935 ed.], p. 1603, § 588.1; *Stoneman* v. *Erie Ry. Co.,* 52 N. Y. 429; *Whiting* v. *Glass,* 217 N. Y. 333; *Foster* v. *Central Nat. Bank,* 183 N. Y. 379.) III. The party aggrieved was Landres, Barnett and Wente as trustees. No other person could appeal. (*Fritz* v. *City Trust Co.,* 72 App. Div. 532, 173 N. Y. 622; *Thatcher* v. *Candee,* 33 How. Prac. 145, 3 Keyes 157; *Drinkhouse* v. *Birch Ranch & Oil Co.,* 97 Cal. App. 2d 923; *Conrad* v. *Hawk,* 122 Cal. App. 649; *Union Bank & Trust Co.* v. *Penwell,* 99 Mont. 255; *Matter of Fine,* 139 Neb. 247.) IV. Neither ratification nor amendment is possible. (*Patterson* v. *Hamilton,* 26 Hun 665; *Matter of Keegan,* 55 Hun 603; *Cotes* v. *Carroll,* 28 How. Prac. 436; *Matter of Frooks* v. *Clurman,* 268 App. Div. 1051; *Terwilliger* v. *Browning, King & Co.,* 207 N. Y. 479; *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. R. Co.,* 160 N. Y. 1.) V. The question as to whether or not there are three trustees must be determined by the record in New York. (*Kane* v. *Walsh,* 295 N. Y. 198.) VI. Under the California statute, the office of trustee can be vacated only by death or discharge. (*Title Ins. & Trust Co.* v. *McGraw,* 72 Cal. App. 2d 390; *Coughran* v. *First Nat. Bank,* 19 Cal. App. 2d 152; *Hunt* v. *Lawton,* 76 Cal. App. 655; *Cauhape* v. *Barnes,* 135 Cal. 107; *Bixby* v. *Hotchkis,* 58 Cal. App. 2d 445; *Anthony* v. *Janssen,* 183 Cal. 329; *Drinkhouse* v. *Birch Ranch & Oil Co.,* 97 Cal. App. 2d 923.)

*Paul Windels* for Roscoe H. Hupper, respondent. I. Lewis Luckenbach, as beneficiary of the trust which he created, has no right to appeal. (*Szuchy* v. *Hillside Coal & Iron Co.,* 150 N. Y. 219; *Terwilliger* v. *Browning, King & Co.,* 207 N. Y. 479; *People ex rel. Crane* v. *Hahlo,* 228 N. Y. 309; *Matter of Pariser,* 231 App. Div. 762; *Bryant* v. *Thompson,* 128 N. Y. 426; *Matter of Hodgman,* 11 App. Div. 344, 161 N. Y. 627; *Matter of Hamilton,* 182 App. Div. 908; *McQuaide* v. *Perot,* 223 N. Y. 75; *Hart* v. *Goadby,* 138 App. Div. 160; *Brooklyn Free Kindergarten Soc.* v. *Elbran Realty Corp.,* 255 App. Div. 852; *Hecla Powder Co.* v. *Sigua Iron Co.,* 157 N. Y. 437.) II. That trustees constitute in law but a single person and in all but administrative or ministerial matters may act only in the name of all is elementary law

both in this State and in California. (*Fritz* v. *City Trust Co.*, 72 App. Div. 532, 173 N. Y. 622; Deering's Civil Code of California, § 2268; *Conrad* v. *Hawk*, 122 Cal. App. 649; *Ayrshire Corp.* v. *United States*, 331 U. S. 132; *Patterson* v. *Hamilton*, 26 Hun 665; *Matter of Frooks* v. *Clurman*, 268 App. Div. 1051; *People ex rel. Goldschmidt* v. *Board of Educ. of City of N. Y.*, 217 N. Y. 470; *Ufland & Co.* v. *McMahon*, 215 App. Div. 267.) III. The law of the forum controls in the matter of jurisdiction. (*Kleckner* v. *Lehigh Valley R. Co.*, 36 F. Supp. 600; *Mertz* v. *Mertz*, 271 N. Y. 466.)

DESMOND, J.  Lewis Luckenbach, in 1936, assigned to three trustees (Landres, Barnett and Wente) the whole of his vested remainder interest in a testamentary trust set up by his grandfather's will, which had been probated many years before.  In this accounting proceeding, begun in 1938, on that testamentary trust of the grandfather, Lewis Luckenbach, as well as his three trustees-assignees, were made parties, and all appeared by the same firm of attorneys and filed objections to the account.  By a Surrogate's decree entered and served in December, 1950, those objections were overruled.  Meanwhile, in February, 1950, Wente, one of the three trustees to whom Lewis Luckenbach had conveyed his remainder interest in the testamentary trust, had resigned, or attempted to resign, as a trustee of Lewis Luckenbach's trust, by sending Lewis Luckenbach a letter to that effect, but Wente has never accounted, or been formally discharged as trustee.  In January, 1951, within the time limited for an appeal, Lewis Luckenbach, together with his two trustees Barnett and Landres, served and filed, through newly substituted attorneys, a notice of appeal to the Appellate Division, from the Surrogate's decree.  The name of Wente, the trustee who had resigned or attempted to resign, was not signed to this notice of appeal, but it appears without dispute that the notice of appeal was served on Wente by delivering a copy thereof to the attorneys who had previously appeared for Wente in the accounting proceeding.  The Appellate Division, on motion, has dismissed that appeal, on the ground that the notice of appeal was a nullity since made in the name of two only of the trustees.  The Appellate Division held that the purported appeal taken by Lewis Luckenbach *individually* was

a nullity, also, since he had previously transferred all his interest in the testamentary trust to his three trustees — and with that part of the Appellate Division decision we agree. This opinion, therefore, deals with so much only of the Appellate Division's order as holds that Lewis Luckenbach's two remaining trustees could not, without the third, take any appeal. Such a dismissal is, for our jurisdictional purposes, treated as an affirmance (see *Guaranty Trust Co.* v. *State of New York,* 299 N. Y. 295, 299).

The Appellate Division's determination means, of course, that Lewis Luckenbach's trustees can never have a hearing in any appellate court on the issues on which those trustees were defeated in the Surrogate's Court, although the appeal therefrom was timely taken by the only persons then actually representing the trust. '' Our law considers it an essential right of a suitor to have his cause examined in tribunals superior to those in which he considers himself aggrieved '' (*Yates* v. *People,* 6 Johns. 337, 364). So valuable a right should not be declared forfeited except in the clearest of cases. We do not think this was such a case.

This *inter vivos* trust created by Lewis Luckenbach provides, among other things, that it is to be governed by the laws of California. However, as we see it, nothing turns upon that, since, as the Appellate Division pointed out, the rule on which that court relied for dismissal — that all trustees must act together and collectively — obtains in both New York and California (see *Cooper* v. *Illinois Central R. R. Co.,* 38 App. Div. 22; *Anthony* v. *Janssen,* 183 Cal. 329). But the rule which requires united action has a number of exceptions, the first and most obvious one being that unanimity of trustees is not requisite where the trust indenture itself provides otherwise (3 Bogert on Trusts and Trustees, § 554). Indeed a California statute (Civil Code of Cal., § 2268) states that exception. In the trust we are dealing with, this appears: '' In the event of a disagreement among the Trustees as to a course of conduct or a policy to be followed, then the will of the majority of the Trustees shall control and be binding upon the third Trustee.'' Here the third trustee (Wente) had announced in advance that he did not intend any longer to act as such —

in other words, that he did not intend to come to any agreements, in the future, with his two associates. That should, for these purposes, be treated as a " disagreement ", within the meaning of the indenture's proviso above quoted.

To the rule that all trustees must, ordinarily, unite in any action taken on behalf of the trust, there is another well-established exception, equally applicable here, to the effect that in a case of emergency, some of the trustees, to protect the trust, may act in behalf of all (Restatement, Trusts, § 194, comment a; 3 Bogert on Trusts and Trustees, § 554, p. 439; 2 Scott on Trusts, p. 1054, citing *Anonymous* v. *Gelpcke,* 5 Hun 245, and *Busse* v. *Schenck,* 12 Daly 12, both of which old New York cases seem to recognize this exclusion from the rule). An emergency did arise in the matter of taking this appeal for this trust, when the new attorneys, retained just before the time to appeal expired, learned that one of the three trustees had previously announced his withdrawal and declination to act any longer, but had not been formally discharged. Suppose he had been in the armed forces at the battle front, or had been gravely ill in a hospital, or could not be found. Would any court then say that the two others could not take an appeal?

We must remember that this united action rule as to trustees was created by the courts to safeguard trusts. It should not be so applied as to deprive a trust of necessary protection.

The order should be reversed, with costs, insofar as it dismisses the appeal taken by Landres and Barnett, as trustees, and their appeal to the Appellate Division should be reinstated.

LOUGHRAN, Ch. J., CONWAY, DYE, FULD and FROESSEL, JJ., concur with DESMOND, J.; LEWIS, J., dissents and votes for affirmance upon the grounds stated in the *Per Curiam* opinion at the Appellate Division on the motion for reargument.

Order reversed, etc.