■ LOUIS GOLDEN et al., Appellants, v. WICKHARDT COMPANY, INC., Respondent, et al., Defendants.— Order unanimously reversed, without costs and motion denied. Memorandum: Plaintiffs should be given an opportunity through disclosure to obtain facts essential to support their opposition to the motion for summary judgment. (CPLR 3212, subd. [f]; cf. *Potter Real Estate Co.* v. *O & S Bearing & Mfg. Co.*, 32 A D 2d 883.) (Appeal from order of Onondaga Special Term granting motion for summary judgment in action for damages for trespass.) Present — Marsh, J. P., Gabrielli, Moule, Bastow and Henry, JJ.

■ In the Matter of the Estate of KARNIK SARKISSIAN, Deceased. MORTON H. ABRAMOWITZ, as Executor of KARNIK SARKISSIAN, Deceased, Appellant; ISABEL KARAYAN, as Executrix of HERMINE SARKISSIAN, Deceased, Respondent. — Appeal unanimously dismissed, without costs. Memorandum: While, on the record before us, the order appealed from appears to have been properly made, we do not affirm it for the reason that the appellant as one of three surviving executors cannot take an effective appeal without participation therein of his coexecutors (*Matter of Luckenbach*, 278 App. Div. 114, 119, 120, revd. 303 N. Y. 491, 496) and for the further reason that he is not under the circumstances an aggrieved party (*Isham* v. *New York Assn. for Poor*, 177 N. Y. 218; *Bryant* v. *Thompson*, 128 N. Y. 426; *Matter of Cannan*, 278 App. Div. 742). (Appeal from order and judgment of Niagara Surrogate's Court vacating order granting right of election.) Present — Marsh, J. P., Gabrielli, Moule, Bastow and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ANTHONY SPICER, Appellant.— Judgment unanimously affirmed except insofar as it convicts defendant on the fourth, sixth and seventh counts of the indictment, and as to those counts, judgment unanimously reversed and indictment dismissed. Memorandum: The agreed statement of facts contains no facts upon which we may pass upon the first count of the indictment (conspiracy). In the posture in which the appeal comes to us we assume that appellant raises no issue as to the correctness of the verdict finding him guilty of that count. The evidence supports the findings implicit in the jury's verdict that the material specified in the second, third and eighth counts of the indictment is obscene and that defendant knew the content and character thereof (Penal Law, §§ 235.00, 235.05, 235.10; *People* v. *G. I. Distributors*, 20 N Y 2d 104.) The material specified in the sixth and seventh counts consists of several photographs, each showing one nude male person. In our opinion they are not obscene (*Manual Enterprises* v. *Day*, 370 U. S. 478, 488) and defendant's conviction on those counts should be reversed and such counts of the indictment should be dismissed. The fourth count of the indictment charges violation of section 235.05 of the Penal Law in promoting a book entitled Sadism and Masochism. In our opinion the book, which consists of a narrative illustrated by photographs of scantily clothed female persons, is not utterly lacking in redeeming social value and is not obscene. Defendant's conviction of the fourth count of the indictment should, therefore, be reversed and the count dismissed. (Appeal from judgment of Onondaga Supreme Court convicting defendant of conspiracy, fourth degree and seven counts of violation of section 235.05 of the Penal Law.) Present — Goldman, P. J., Marsh, Witmer, Bastow and Henry, JJ.