■ J. ROGER BARBER, as Commissioner of Agriculture and Markets of

the State of New York, Respondent, v JOSEPH J. DEMBROSKI et al., Appellants. (Proceeding No. 1.) J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, Respondent, v T. DAVID BULLARD et al., Appellants. (Proceeding No. 2.)—Appeals from (1) an order of the Supreme Court at Special Term, entered June 23, 1978 in Albany County, which granted plaintiff's motion for partial summary judgment in Proceeding No. 1, and (2) an order of the Supreme Court at Special Term, entered August 3, 1978 in Albany County, which granted plaintiff's motion for partial summary judgment in Proceeding No. 2. The plaintiff brought these proceedings in 1975 and 1978 to collect the assessments imposed by the apple marketing order (1 NYCRR Part 201) promulgated pursuant to article 25 of the Agriculture and Markets Law. The background of the original apple marketing order is set forth by the courts in the case of *Wickham v Trapani* (41 Misc 2d 749, affd 26 AD2d 216) and we do not repeat that information herein. The defendants filed answers in which they raised constitutional defenses as well as the defense that the order had not been properly adopted. In the case of *Wickham v Trapani (supra)* it was held that the original order and article 25 of the Agriculture and Markets Law were not unconstitutional and that the original order was properly adopted. The present answers do not disclose any necessity to depart from the constraint of *stare decisis* and like Special Term we reject the constitutional arguments and any attack herein on the validity of the original order. The record discloses that there were further referendums held in the years 1972 and 1973 and that the 1973 referendum resulted in higher assessments. Special Term found in Proceeding No. 1 that there had been ample time for disclosure and that the appellants had not shown any facts indicating impropriety in the referendums. As to the appellants Dembroski, we agree with Special Term that the plaintiff was entitled to partial summary judgment. The record establishes that the Dembroskis had ample opportunity to complete disclosure on this issue if further disclosure was desired (see *Golding v Weissman,* 35 AD2d 941, app dsmd 29 NY2d 913). However, as to Proceeding No. 2, the respondent concedes that there was no opportunity for disclosure. The record contains an affidavit by a knowledgeable person setting forth some of the facts as to the referendums; however, since all of the facts are solely within the control and knowledge of the plaintiff, there should have been an opportunity for pretrial disclosure *(Golden v Wickhardt Co.,* 33 AD2d 652). Accordingly, Special Term erred in granting partial summary judgment in Proceeding No. 2, and also in denying that part of the cross motion seeking discovery and inspection as to the 1972 and 1973 referendums. Inasmuch as we are reversing in part, we address ourselves to the issue raised by the defendant as to public vis-à-vis private funds, which issue, in a slightly different context, has been addressed by the Court of Appeals. There, a 4 to 3 majority ruled that moneys collected from private racing associations and deposited with a public benefit corporation for the purpose of continued growth and prosperity of the industry were not public funds. The majority noted that the moneys were not held directly by the State and that the State could not incur any financial obligations because the expenditures of the corporate entity administering the funds were effectively limited to income *(Saratoga Harness Racing Assn. v Agriculture & N. Y. State Horse Breeding Dev. Fund,* 22 NY2d 119, 123-124). A strong dissent by Judge Breitel noted that the fund was an integral part of a State agency, that the fund was charged with the performance of public duties, and that the fund was effectively under the management of the State since two of its members were heads of State agencies and the other three

were appointed by the Governor. By this criteria, the instant case does not deal with public funds. The money collected by the Commissioner of Agriculture and Markets is paid to two private corporations, the New York-New England Apple Growers Institute and the Western New York Apple Growers Association, Inc. Expenditures are limited to income and the commissioner only administers the payment. There are no State officials officially connected with either organization. Therefore, under the approaches of both the majority and minority opinions, in *Saratoga Harness Racing Assn. v Agriculture & N. Y. State Horse Breeding Dev. Fund (supra)*, the money involved here would not be considered public funds and the constitutional requirement of legislative appropriation prior to expenditure does not apply. (See, also, *Wickham v Trapani,* 41 Misc 2d 749, affd 26 AD2d 216, *supra.*) Order entered June 23, 1978 in Proceeding No. 1 affirmed, with costs to respondent. Order entered August 3, 1978 in Proceeding No. 2 modified by denying the motion for summary judgment in its entirety and by granting the cross motion for discovery and inspection as to the referendums conducted in 1972 and 1973, without prejudice to a renewal of the motion for summary judgment by plaintiff following disclosure, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.