■ 55 GANS JUDGMENT LLC, as Successor in Interest to UNION CENTER NATIONAL BANK, Respondent, v GERALD RO-MANOFF et al., Respondents, and THE SHERYL ROMANOFF IRREV-OCABLE GRANTOR TRUST et al., Appellants, et al., Defendants. 55 GANS JUDGMENT LLC, as Successor in Interest to UNION CENTER NATIONAL BANK, Respondent, v GERALD ROMANOFF et al., Respondents, et al., Defendants. ROBERT ROMANOFF, Proposed Intervenor-Appellant; FRANK D. PLATT, ESQ., Respondent. [999 NYS2d 371]—

Appeal from order, Supreme Court, New York County (Manuel J. Mendez, J.), entered February 6, 2013, which, inter alia, granted plaintiff's motion for partial summary judgment on its second and fourth causes of action (constructive fraudulent conveyance and intentional fraudulent conveyance), and voided defendants Gerald Romanoff and Sheryl Romanoff's transfer of certain shares of stock to defendant The Sheryl Romanoff Irrev-ocable Grantor Trust and The Sheryl Romanoff Grantor Retained Annuity Trust (Trusts), unanimously dismissed, without costs. Appeal from order, same court and Justice, entered on or about March 24, 2014, which, inter alia, denied Robert Romanoff's motion to intervene as a defendant and co-trustee of the Trusts, and, upon intervention, to have co-trustee Frank D. Platt removed and replaced, and granted in part Gerald Romanoff and Sheryl Romanoff's cross motion to seal certain exhibits submitted in support of the motion to intervene, unanimously dismissed, without costs.

Robert Romanoff, one of two co-trustees of both Trusts, seeks to appeal, on behalf of the Trusts, from the grant of plaintiff's motion for partial summary judgment on two of its fraudulent conveyance causes of action and, for the purpose of protecting the rights of the Trusts, from the denial of his motion to intervene as a defendant and co-trustee. However, having failed to obtain the consent of the other co-trustee to pursue these ap-peals, Romanoff lacks standing to appeal.

Whether the appeals are in the best interest of the Trusts and should be pursued on behalf of the Trusts is a question that calls for the exercise of discretion by the trustees (*Cooper v Illi-*

nois Cent. R.R. Co., 38 App Div 22, 28 [1st Dept 1899]; see Jones v Incorporated Vil. of Lloyd Harbor, 277 App Div 1124 [2d Dept 1950], affd 302 NY 718 [1951]). Absent a contrary provision in the trust instrument, the consent of all trustees is required to pursue an appeal either on behalf of the Trusts or for the stated purpose of protecting the rights of the Trusts (Jones, 277 App Div at 1125; Matter of Sarkissian, 33 AD2d 652 [4th Dept 1969]; see also Cooper, 38 App Div at 28; Brennan v Willson, 71 NY 502, 507 [1877]).

Co-trustee Frank D. Platt states that he does not join the appeal from the grant of plaintiff's motion. Contrary to Romanoff's contentions, the co-trustee's consent to the appeal may not be inferred merely from his failure to move to strike or otherwise correct the notice of appeal filed on behalf of the Trusts. Nor did Romanoff obtain the co-trustee's consent to the appeal from the denial of his motion to intervene, and he does not argue that any independent basis exists for his appeal from the grant of the cross motion to seal certain exhibits. Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.