Jerome M. Lasky, J.
This is a motion by plaintiff for leave to reargue plaintiff’s motion for summary judgment and, on such reargument, (a) to vacate and set aside the decision of the court dated September 13, 1963, which denied plaintiff’s motion for summary judgment, and (b) to grant summary judgment to plaintiff.
Plaintiff’s motion for reargument is hereby granted and, on such reargument, the original decision of the court denying plaintiff’s motion for summary judgment is adhered to.
*783 The original decision of the court dated September 13, 1963, was based on the failure of plaintiff’s moving papers to establish that the defendants were in fact notified as to the assignment to plaintiff of the conditional sales contract here in question. None of the papers submitted on this reargument establishes that such notice was in fact given.
Defendants assert an agreement with the automobile dealer (plaintiff’s assignor) to repair the vehicle in consideration of which the dealer would take the vehicle back and cancel the balance of the conditional sales obligation. In the absence of an assignment of the conditional sales contract, such an agreement, if established, would constitute a defense to this action, even though oral. (See Manhattan Taxi Serv. Corp. v. Mogul Finance Corp., 140 Misc. 386, affd. 234 App. Div. 746.)
Subdivision 2 of section 33 of the Personal Property Law relied on by plaintiff, is not to the contrary. Plaintiff’s brief urges that this section requires an agreement to discharge an obligation to be in writing and signed by the parties against whom it is sought to be enforced, and in support of this, plaintiff, on page 7 of its brief, purportedly quotes from subdivision 2 of section 33 of the Personal Property Law. Plaintiff’s quotation of subdivision 2 of section 33 of the Personal Property Law on page 7 of its brief is not a correct quotation of this section, words being added which are not in the section and words being deleted which substantially change the meaning of this section. Subdivision 2 of section 33 of the Personal Property Law merely provides that a discharge of an agreement shall not be invalid because of the absence of consideration, so long as the discharge is in writing and signed by the party against whom it is sought to enforce such discharge. This is quite different from the impression plaintiff seeks to create by its incorrect quotation of this section. In the instant case, if the defendants’ story be believed, there was consideration for the discharge of the obligation, to wit, the repair of the motor vehicle in question, and thus subdivision 2 of section 33 of the Personal Property Law would not be applicable, and there would be no need for a signed writing. The conditional sales contract in question does not by its terms require any discharge thereof to be in writing, and consideration for the discharge being alleged, the court can see no reason why an oral agreement to discharge would not be enforcible.
This leaves only the question of whether the fact that the alleged agreement to discharge was made with the assignor at a time apparently subsequent to the assignment of the contract to the plaintiff herein requires a different result in the instant *784 case. The court is satisfied that there is a question of fact presented as to whether the defendants knew or should have known that they could not obtain a discharge of the claim from the dealer at the time they claimed to have done so. Section 170 of the Restatement of Contracts, which restates the law of New York, makes it clear that a discharge for value is good not only when given by the person having the right to receive performance, but also when wrongfully given by the obligee after an assignment, if the obligor is ignorant of facts showing that the exercise of the power is improper. (See Restatement, Contracts, § 170, p. 217, Comment c.) Obviously defendants, in entering into the alleged discharge agreement with plaintiff’s assignor, must have believed they were dealing with a party authorized to discharge them. Otherwise, there would have been no point in their repairing the vehicle and turning it over to the dealer as they claim. There was not submitted by plaintiff, either on the original motion or on this motion, any proof sufficient for purposes of summary judgment to establish that the defendants knew or should have known that they could no longer deal with plaintiff’s assignor.
The question of fact thus presented is a sufficient basis for the denial of plaintiff’s motion for summary judgment.
There is, however, on reargument and reconsideration, a still further point upon which the denial of this motion for summary judgment may be founded. Section 79 of the Personal Property Law requires that where the buyer has paid at least 50% of the purchase price at the time of the retaking, the sale of the repossessed property is “to be held not more than thirty days after the retaking.” The affidavit of Mr. Pares on behalf of plaintiff dated August 8, 1963 (par. 3), assumes that the foregoing requirements of section 79 are applicable to the instant case, and it would appear that such assumption is correct. The time sales price in this instance was, if insurance charges are included, $31,007.03, and if such charges are not included, $2,846.91. While there may be some question as to whether the “ purchase price ” for purposes of section 79 includes the cost of insurance the buyer is required by the seller to carry, it seems quite clear that the financing charge is a part of the “purchase price ” for purposes of determining whether a compulsory resale is required under section 79. (See Ellner v. Commercial Credit Corp., 136 Misc. 398.) The default in payment occurred, according to plaintiff’s affidavit, while $1,418.44 remained unpaid. Thus, regardless of whether the insurance charges are properly includable, more than 50% of the purchase price would appear to have been paid at the time of reposses *785 sion, rendering section 79 applicable. Mr. Pares’ moving affidavit states that the motor vehicle was repossessed on September 7, 1960. (Cf. par. sixth of plaintiff’s complaint alleging that repossession occurred “ on or about September 27, I960.”) Paragraph 3 of Mr. Pares’ affidavit sets forth that pursuant to section 79 “a public sale was duly noticed for October 11, 1960 within thirty (30) days of the date of retaking as required.”
Section 79 is not complied with if the notice of the public sale is given within 30 days of the date of retaking. Bather, section 79 clearly requires “ such sale to be held not more than thirty days after the retaking.” (Emphasis added.) On the papers, the court is unable to determine the exact date of repossession, and this is most material. If the retaking was in fact on September 7,1960, and the resale on October 11, 1960, as specified in Mr. Pares’ affidavit, and if section 79 is applicable, as appears to be the case, then not only is plaintiff not entitled to the deficiency judgment it seeks herein, but indeed, defendants may be entitled to recover a portion of the sums paid under the conditional sales contract pursuant to section 80-e of the Personal Property Law.
A further basis for denial of plaintiff’s motion for summary judgment is apparent. Regardless of whether plaintiff was required to comply with section 79, plaintiff nevertheless volunteered to resell the vehicle and was, therefore, bound to comply with the requirements of section 79, at least as to notice. On a motion for summary judgment in such a case plaintiff must prove specific compliance with all of the requirements of section 79. In particular, plaintiff’s moving papers fail to specifically state that defendants were given notice of the sale by registered mail, or that notices of the sale were publicly posted as required by section 79. For this further reason, plaintiff’s proof is insufficient for the court to grant summary judgment. (Vamco Corp. v. Ragone, 36 Misc 2d 876; Oneida Nat. Bank & Trust Co. of Utica v. Manukas, 10 Misc 2d 671.)