Darwin W. Telesford, J.
Both plaintiff and defendant Gulf Oil Corporation (Gulf) seek summary judgment. The action is to determine the priority of claims with respect to a fund held by defendant Fireman’s Fund American Insurance Companies (Fireman), between plaintiff as assignee of defendant Circle Brick Masonry Corp. (Circle) and defendant Gulf, as a judgment creditor of a corporation which it alleges is a successor corporation to Circle.
It appears that Circle performed certain masonry, and furnished services for and on behalf of Vermilya-Brown Co., Inc. (Vermilya) with respect to the construction of a building project. Plaintiff supplied Circle with the necessary building material and supplies to perform its subcontract. As a result of this, Circle became indebted to plaintiff and on February 14, 1964, it duly executed an assignment to plaintiff of its account with Vermilya in the sum of $18,000. Vermilya went out of business and the assignment was unsatisfied.
Fireman has $7,997.90 due and owing to Circle. Gulf claims an interest in the fund pursuant to a judgment against Busson Builders, Inc., entered February 20, 1967. It issued a restraining notice based on said judgment. Gulf also relies on a letter dated March 14, 1969, from Circle to Fireman directing the payment of $3,238.06 to Gulf.
Plaintiff’s claim to the fund is superior to that of Gulf. The assignment by Circle to plaintiff in 1964 of the fund, eliminates the fund as an asset to be attached by a subsequent judgment creditor of either Circle or Busson Builders, Inc. As between plaintiff and Gulf, this would also'be true even if notice were not given to the debtor Vermilya (Williams v. Ingersoll, 89 N. Y. 508).
Gulf’s contention that notice of the assignment was required to be given to Gulf and Vermilya is untenable with respect to a contest between Gulf as an alleged creditor of Circle, and plaintiff, whose claim is based on an assignment that is prior in *791 time to both the claim and the judgment entered on that claim against Circle. The only reason that notice is required to be given to the debtor Yermilya would be to protect it in the event it paid to another judgment creditor or another assignee of Circle. But as between Gulf and the plaintiff, no notice is required (Goldfarb v. C. & K. Purchasing Corp., 170 Misc. 90).
Nor is plaintiff required to record its assignment to defeat the claim of Gulf. Section 15 of the Lien Law is for the benefit of lienors. Gulf is a general creditor not a lienor who furnished materials or labor on the job from which the fund is derived.
Plaintiff’s motion is granted and the cross motion is denied.