■ TRI CITY ROOFERS, INC., Appellant, v NORTHEASTERN INDUSTRIAL PARK, Respondent. — Appeal from an order of the Supreme Court at Special Term

(Walsh, Jr., J.), entered April 12, 1982 in Schenectady County, which granted defendant's motion to partially discharge defendant from its obligation to pay a judgment in favor of plaintiff. Initially, the two judgments we are concerned with here resulted from a joint trial of the actions. Plaintiff Tri City Roofers, Inc. (Tri City) sued defendant Northeastern Industrial Park (Northeastern) for money damages for repairs made. The other action was by Rotterdam Ventures, Inc. (Rotterdam) against Tri City for rent with a counterclaim by Tri City for repairs to the property. The court found for Tri City against Northeastern and for Rotterdam for the rent. On February 23, 1982, Tri City entered its judgment against Northeastern in the Schenectady County Clerk's office and assigned the right to collect the judgment to its attorney. The assignment was also filed in the county clerk's office on the following day. On February 24, 1982, Rotterdam entered its judgment against Tri City and the next day filed a transcript in the Albany County Clerk's office. An execution was levied on behalf of Rotterdam by the Sheriff upon Northeastern's debt to Tri City and Northeastern paid $8,562.63 in satisfaction of Rotterdam's judgment against Tri City. Thereafter, on behalf of Tri City, the Sheriff levied on funds of Northeastern in the Key Bank. Defendant then moved on April 1, 1982 for an order discharging its obligation on the judgment rendered in favor of Tri City to the extent it had paid on the execution by Rotterdam. Special Term granted the motion and this appeal ensued. It is most significant that Northeastern denies any notice of the assignment by Tri City to its attorney. Tri City does not refute this. While the assignment was filed in the county clerk's office, this is not notice to the judgment debtor but rather notice to subsequent encumbrancers and purchasers (*Boyd v Buffalo Steam Roller Co.,* 87 Misc 20, 24, affd 167 App Div 959). As a general rule, notice is necessary in order to charge the debtor with the duty of payment to the assignee (6 NY Jur 2d, Assignments, § 40, p 279). Where, as here, the debtor pays the debt to the assignor's judgment creditor, it is discharged from liability on the debt as to the amount paid (see *Poughkeepsie Sav. Bank v Sloane Mfg. Co.,* 84 AD2d 212, 216). Consequently, the order should be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.