OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The issue in this case is whether respondent, Northeastern Industrial Park, a judgment debtor of appellant, Tri City Roofers, Inc., should, pursuant to CPLR 5209, be discharged from its obligation under that judgment to the extent that it paid funds to the Sheriff pursuant to an execution issued by Rotterdam Ventures, Inc., a judgment creditor of appellant. At the time the execution was served upon respondent, appellant had already assigned its judgment to a third party. Although that assignment had been recorded with the county clerk in accordance with CPLR 5019 (subd [c]), neither appellant nor its assignee gave respondent actual notice of the assignment. Appellant contends that respondent is not entitled to protection under CPLR 5209 because its assignee has rights superior to Rotterdam under CPLR 5202 (subd [a], par 1), and that actual notice to respondent is not required in view of the filing requirements of CPLR 5019 (subd [c]). Special Term granted respondent’s motion to discharge its obligation to appellant to the extent it paid Rotterdam, and the Appellate Division unanimously affirmed.
 

 A debtor, in order to be charged with a duty to pay a debt to an assignee, must first have actual notice of the assignment.
 

 
 *781
 
 The facts of this case illustrate the confusion and injustice that would flow from a contrary result. In this action, two judgments were rendered after a joint trial of two separate actions. One action was a suit by appellant against respondent for money damages for repairs made to respondent’s property. In that action, a judgment in the sum of $10,341 was entered against respondent on February 23, 1982. That same day appellant assigned its judgment to its attorney for full value.
 
 *
 
 The next day that assignment was recorded in the Schenectady County Clerk’s office. The second action was a suit by Rotterdam against appellant for rent due and owing. In that action, a judgment in the sum of $8,141.55, was entered against appellant on February 24, 1982. The next day, February 25,1982, Rotterdam delivered to the Albany County Sheriff an execution to be served upon respondent as appellant’s judgment debtor. The Sheriff levied upon that debt and on March 4, 1982 issued a check to Rotterdam’s attorneys pursuant to Rotterdam’s execution. On March 9, 1982, appellant’s attorney delivered an execution on appellant’s judgment against respondent to the Albany County Sheriff, which was subsequently served upon respondent. Respondent at that time brought a motion to discharge its obligation on appellant’s judgment to the extent that it had paid Rotterdam, and to vacate appellant’s execution. It is undisputed that respondent at the time it made payment to the Sheriff had no knowledge of the assignment.
 

 Respondent, having received no notice of the assignment prior to payment, cannot be charged with a duty to pay the debt to appellant’s assignee.
 
 (Poughkeepsie Sav. Bank v Sloane Mfg. Co.,
 
 84 AD2d 212, 216;
 
 Continental Purchasing Co. v Van Raalte Co.,
 
 251 App Div 151, 152.) CPLR 5019 (subd [c]) does not alter this rule. The intent of that provision is merely to establish the assignee’s authority to enforce the judgment. (5 Weinstein-Korn-Miller, NY Civ Prac, par 5019.11.) A judgment debtor is not called upon to search the county’s records every time he is served with an execution or desires to make a payment on his debt. (See
 
 *782
 

 Boyd v Buffalo Steam Roller Co.,
 
 87 Misc 20, affd 167 App Div 959.) Under CPLR 5209, respondent was properly discharged from its obligation to appellant, to the extent that it had made payment to the Sheriff pursuant to Rotterdam’s execution.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 Having assigned its judgment with recourse, it is only the possibility of recourse by its assignee that gives appellant the required status as a party aggrieved by the judgment below to be entitled to appeal. (CPLR 5511; cf.
 
 Matter of Luckenbach,
 
 303 NY 491, 495-496.)