OPINION OF THE COURT
Guy P. DePhillips, J.
By petition dated April 24, 1975, petitioner Lorraine B. sought support for herself and her five children from her husband, respondent Jerry B. In the petition, she asserted that she and the children receive public assistance. She and the respondent appeared before the court on said date and the court made a finding of support on a means basis for the petitioner and the children on consent of the respondent in the amount of $125 per week ($35 for petitioner and $90 for the children) effective May 1,1975. The court signed a final order of support dated April 24, 1975 payable to petitioner. To reiterate, the named petitioner at this time was Lorraine B. Subsequent to the hearing on support, the signing of the order of support and the effective date of the *436 commencement of such support, the petitioner assigned her support rights on behalf of herself and the children to the New York State Department of Social Services and the Kings County Department of Social Services on September 22, 1975. The record is devoid of any showing that respondent was notified by the Department of Social Services of the assignment at this time.
Section 348 of the Social Services Law was amended in 1977, effective July 1,1977, to provide in subdivision 2 that “[application for or receipt of aid to dependent children shall operate as an assignment to the state and the social services district concerned of any rights to support”. By supplemental petition dated August 5, 1981, the Commissioner of Social Services as assignee of Lorraine B. instituted the instant proceeding against Jerry B. alleging violation of the support order and seeking arrears of some $40,000. The matter was referred to a hearing examiner who after a full hearing found and reported that arrears due the Department of Social Services totaled $6,772.50. In pertinent part the examiner found as follows: the Commissioner sought arrears from the effective date support was directed under the support order to Lorraine B. to March 16, 1982 in the amount of $39,875; that such amount is reduced by the sum of $1,125 representing payments made to the Department of Social Services; that respondent is further entitled to the sum of $29,260 representing support payments made by him directly to Mrs. B. during the period at issue; that respondent is further entitled to suspension of support due in the amount of $2,687.50 for a five-month period from December, 1976 to April, 1977 due to a fire which destroyed his home; and that this results in reducing arrears to $6,772.50. It is noted that the hearing examiner erred in the mathematical calculation of the arrears. Crediting respondent with the amounts of $29,260, $2,687.50 and $1,125 reduces the claimed arrears of $39,875 to $6,802.50, not $6,772.50.
The Commissioner filed objections to the hearing examiner’s report, objecting specifically to the respondent’s receiving any credit for the direct payments he made to the assignor from January, 1980 to March 16,1982 (the sum of $10,027.50 according to the hearing examiner’s findings). This objection is based upon the contention that “the respondent knew by the end of 1979 that [Lorraine B.] was on public assistance and that a claim for arrears was being made against him”. At the hearing the respondent admitted that at the end of 1979 he received a telephone call from someone claiming to represent the Department of Social Services informing him that he owed the Depart *437 ment $37,000 in support arrears and should make future payments through the Department. In response, respondent sent two or three payments to the Department, but otherwise continued making direct payments to Mrs. B. The Department took no action for over a year and a half thereafter until it instituted the instant proceeding in October, 1981 by filing its petition to recover support arrears. Service was effected upon respondent contemporaneous with the beginning of 1982. The issue is when the respondent may be deemed to have knowledge of the assignment of support rights to the Department of Social Services sufficient to put him on notice that future support must be paid to the Department and not to the assignor Lorraine B. Initially it is observed that the hearing examiner properly rejected respondent’s defense of loches based upon the Department of Social Service’s inordinate delay before instituting the present proceeding. The common-law rule is that loches cannot be imputed to sovereignty and the exception — when suit is brought by the government in its proprietary or private Capacity — is not applicable to the circumstances herein (36 NY Jur, Limitations and Laches, § 155). It is hornbook law that notice of the assignment to the debtor is necessary in order to charge the debtor with the duty of payment. If, without notice, the debtor pays the obligations to the assignor, he is discharged from liability on the debt (see Tri City Roofers v Northeastern Ind. Park, 91 AD2d 769, 770). The mere fact that respondent may be deemed to have knowledge in 1975, that his wife Lorraine and their children were on public assistance (which information is conveyed by paragraph 2 of her petition for support dated April 24, 1975) does not place respondent on notice that support payments for his wife and children are to be paid to the Department of Social Services and not to the wife. “As between the assignor and assignee, an assignment operates from the time of its making to divest the interest of the assignor, irrespective of notice to the principal debtor. However, notice is necessary in order to charge the debtor with the duty of payment to the assignee, so that if, without notice, he pays the debt to the assignor, he is discharged from liability on the debt. It is the duty of an assignee, in order to protect himself against payment by the debtor to the original creditor, to inform the debtor of the assignment” (6 NY Jur 2d, Assignments, § 40).
Is the telephone call respondent received at the end of 1979, as set forth above, sufficient notice to him of the 1975 assignment? It has been observed that “no special form of notice is required; any notice is adequate, although not formally given, if it reaches the person to be notified, in such a manner and under such *438 circumstances that a reasonable man would regard it as notice and be guided accordingly” (6 NY Jur 2d, Assignments, § 42). The hearing examiner did not find the assignor to be a credible witness. The court is not oblivious to the consideration that sufficiency of notice and the assignee’s duty to convey such notice must also be judged from the viewpoint of protecting the debtor from the actions of an assignor who in derogation of the assignment importunes the debtor to continue payment of the obligation to the assignor. In light of this and of the record before the examiner and giving due regard to the surrounding circumstances, the court finds that the single telephone call at the end of 1979 to the respondent, of itself, does not constitute sufficient notice to the respondent of the assignment. This conclusion is not altered by the fact that the respondent made two or three weekly payments of support to the Department thereafter. A single telephone call to the respondent some four years after the assignment, informing him, in effect, that his payments to the assignor were a nullity, and that he owed arrears for those years as well as future support to the Department of Social Services, while obviously upsetting and perhaps unnerving to respondent, is not such notice that a reasonable man would regard as mandating compliance with the request. Something more is required to constitute adequate notice to bind and protect respondent in changing the payee of the support payments. There is no showing of particulars of the assignment being given to the respondent up to this time.
The Department of Social Services, as already noted, filed the instant supplemental petition seeking, inter alla, to effect direct payment by the respondent to it of support pursuant to the assignment. The filing occurred on or about October 1, 1981, with service effected on or about the middle of January, 1982. Accordingly, the court holds that the notice given to the respondent by service of the supplemental petition in the context of the circumstances herein is such as to place a reasonable man on guard with respect to the assignment. Payments made by the respondent thereafter to the assignor do not protect him as against the assignee. The hearing examiner credited respondent with payments of an average $87.50 per week given by him direct to the assignor. In the period January, 1982 to March 16, 1982, respondent was credited with $927.50. However, as payments made after the first two weeks of 1982 may not be so credited, the court reduces said sum of $927.50 to $175. Therefore, arrears due to the Department of Social Services amount to $7,555 after crediting payments he made direct to the assignor prior to adequate notice of the assignment. This sum represents *439 the corrected computation of arrears based on the hearing examiner’s findings at $6,802.50 plus the sum of $752.50 unjustifiably credited by the hearing examiner to respondent for 1982.
To sum up, the objection to the hearing examiner’s report are sustained solely to the extent of fixing arrears owed the Department of Social Services at $7,555 instead of $6,772.50 and as so modified the hearing examiner’s report is confirmed.