**In the Matter of MODERN SETTINGS, INC., Debtor.**

**Bankruptcy No. 086–60030.**

United States Bankruptcy Court, E.D. New York.

May 28, 1987.

---

C. Steven Hackeling, Huntington, N.Y., trustee.

Pinks, Brooks, Stern & Arbeit, Hauppauge, N.Y., for trustee.

Nachamie, Kirschner, Levine & Spizz, P.C., New York City, for Modern Settings, Inc.

Jaffe and Asher, New York City, for Bialystock & Bloom Productions, Inc.

## DECISION

MARVIN A. HOLLAND, Bankruptcy Judge:

The debtor, Modern Settings, Inc., sustained a $5,364,674 burglary loss over the Memorial Day weekend of 1982. The debtor's insurers, First State Insurance Company and Federal Insurance Company (collectively referred to as "insurers") paid to the debtor the sum of $3,875,000 and commenced an action in the name of the insured debtor in the Supreme Court, State of New York, County of New York against A.D.T. Company, Inc., et ano, who, it was alleged, had with gross negligence failed to properly maintain the debtor's alarm system.

An offer of settlement has now been made on behalf of A.D.T. in a sum in excess of $1,000,000, which, if consummated, will be divided between the insurers who paid a portion of the loss, and the debtor (or the debtor's assignee) in proportion to the amount of net loss sustained by each.

The matter comes before this court on an application for leave to compromise a claim. Such leave is opposed by Bialystock & Bloom Productions, Inc. (hereinafter referred to as "B & B"), whose principals are also the principals of the debtor and who claim that prior to the filing of the bankruptcy petition, the debtor made an assignment of its right, title and interest in and to any recovery to it in consideration of an advancement by B & B to the debtor of funds to prosecute that claim.

The validity and indeed the very existence of that assignment is contested by the trustee. B & B points out that the validity of this assignment, as well as other transfers, is the subject matter of a case now pending in the District Court for the Southern District of New York which is about to or may have already gone to trial. B & B maintains that the offer is insufficient and

asks this court to defer consideration of approval of the settlement until the validity of the alleged assignment of the debtor's interest in the settlement fund to B & B has been determined in the Southern District proceeding.

At the initial hearing on the application for leave to settle, the court inquired of the attorneys for the alleged assignee, as well as of the other attorneys present at the hearing, as to the earliest date when it would be claimed that notice of the alleged assignment from the debtor to B & B was given either to the insurers (the debtor's insurers) or to the entity now offering to pay the settlement on behalf of A.D.T. No attorney present in the courtroom was aware of such notice ever having been given prior to the filing of the petition herein.

At an evidentiary hearing held on April 29, 1987, it was conceded that prior to the filing of the petition no notice of the alleged assignment of the debtor's claim to B & B had been given to either the debtor's insurers or to A.D.T.

B & B has submitted a memorandum of law which acknowledges the debtor's trustee as being clothed with the rights and powers of "a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists" by virtue of 11 U.S.C. § 544(a)(1). The memorandum goes on to cite *Law Research Service, Inc. v. Crook,* 524 F.2d 301, 317 (2d Cir.1975); *Malone v. Bolstein,* 151 F.Supp. 544 (N.D. N.Y.1956) *aff'd* 244 F.2d 954 (2d Cir.1957) and *Stathos v. Murphy,* 26 A.D.2d 500, 276 N.Y.S.2d 727 (1st Dep't 1966), *aff'd,* 19 N.Y.2d 883, 227 N.E.2d 880, 281 N.Y.S.2d 81 (1967) for the proposition that the rights of an assignee are superior to those of creditors of the assignor, whether or not the assignee has given notice to the obligor. While such a statement is certainly the correct law of the state of New York as far as it goes, it does not go far enough.

An assignment of a legally transferable claim (N.Y.Gen.Oblig.Law, § 13–101) is complete when made despite any failure to notify third parties. *E.g. Fortunato v. Patten,* 147 N.Y. 277, 41 N.E. 572, (1895); *Eljam Mason Supply, Inc. v. Fireman's Fund Amer. Ins. Co.,* 60 Misc.2d 789, 303 N.Y.S.2d 983 (N.Y.Sup.Ct.1969); *Neilson Realty Corp. v. Motor Vehicle Accident Indemnification Corp.,* 47 Misc.2d 260, 262 N.Y.S.2d 652 (N.Y.Sup.Ct.1965). However "notwithstanding an assignment, the assignor retains his power to discharge or modify the duty of the obligor to the extent the obligor performs or otherwise gives value until but not after the obligor receives notification ...", Restatement (Second) of Contracts § 338(1) and "in order to be charged with a duty to pay a debt to an assignee [the obligor] must first have actual notice of the assignment." *Tri City Roofers v. Northeastern Industrial Park,* 61 N.Y.2d 779, 461 N.E.2d 298, 473 N.Y. S.2d 161 (N.Y.1984). Therefore, where no notice of the assignment is given to the obligor, the assignor retains an interest in the assigned claim sufficient to enable it to accept payment thereon and to discharge the claim, although by so doing it may incur liability to the assignee. *See Assocs. Discount Corp. v. Commander,* 40 Misc.2d 782, 244 N.Y.S.2d 103 (Nassau Dist.Ct. 1963). This ability is terminated only upon notice to the obligor.

■ 11 U.S.C. § 541 states that "[t]he commencement of a case ... (under title 11) creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held: (1) ... all legal or equitable interest of the debtor in property as of the commencement of the case." At the time of the commencement of the case, notwithstanding the valid assignment (it must be emphasized that this assignment is assumed to be valid only for purposes of this discussion with no findings having been made with regard thereto), the debtor still possessed a right in the assigned claim consisting of the power to discharge the claim. Had the debtor taken payment of the claim already assigned to B & B, the claim against the obligor would have been discharged in view

of B & B's failure to notify the obligor of the assignment. Such power is an interest which becomes property of the estate upon the filing of the petition by virtue of 11 U.S.C. § 541(a).

 The question of whether notice to the obligor, given after the filing of the petition, could have divested the estate of this power is one which fortunately this court need not entertain at the present time. Any notice of the alleged assignment given subsequent to the filing of the assignor's petition having or seeking to have the effect of terminating the debtor's power to deal with the claim would be in violation of the automatic stay contained in 11 U.S.C. § 362 and would therefore be void and ineffective.

This court concludes that 1) the debtor's trustee is the sole entity entitled to the portion of the proposed settlement which constitutes the fund allegedly assigned, whether or not the assumed assignment has in fact been made, and that 2) its release will effectively discharge the obligors.

B & B shall have until the later of thirty (30) days from today or the date set forth in any "bar order" to file a claim herein against the debtor's estate for the amount of the proposed settlement to which it may claim entitlement. No findings are made herein with regard to the validity of any such claims which may be filed by B & B, and such filing shall be without prejudice to the trustee's making any proper objections thereto.

Left for resolution upon the hearing on objections to such claims are the existence and validity of the alleged assignment, and the extent to which advancement of funds to an assignor to enable it to prosecute the claim assigned can constitute a sufficient consideration to support the assignment.

The foregoing constitutes the decision of the court.