■ Robert Caprara et al., Respondents, v Charles Court Associates et al., Appellants. [627 NYS2d 836] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 14, 1994 in Schenectady County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability.

Defendant Charles Court Associates executed a note and mortgage in the amount of $180,000 to Corona & Hodges Management, Inc. in August 1988. The obligation was personally guaranteed by the individually named defendant partners of Charles Court. Thereafter, Charles Court invested $60,000 in an accounts receivable fund created and managed by Carona & Hodges. Charles Court, allegedly relying on Carona & Hodges' representations, anticipated that the return on the $60,000 investment could be used to offset its monthly obligation on the original $180,000 promissory note. Charles Court quickly learned that the expected return on investment would not be forthcoming and further that the investment principal was in danger of being lost.

On June 26, 1989 Charles Court received a letter from James Carona, the president of Carona & Hodges, wherein Carona & Hodges assumed the "Charles Court Assoc. mortgage payments in the amount of $2250.00 each month until such time as the receivable financing debts have been made current". Said payments never occurred and Charles Court's $60,000 investment in the accounts receivable fund was lost.

On or about November 6, 1991, Carona & Hodges assigned its interest in the promissory note executed by Charles Court to plaintiffs.[1] Charles Court's obligation on the promissory note was 10 months overdue at the time of assignment. Plaintiffs have not submitted any documentation to indicate the date of notification of the assignment; Charles Court asserts that notification did not occur until its receipt of service of the summons with notice and complaint in the instant action in June 1992.

Subsequent to the date of assignment, but prior to the date

---

1. The assignment was made to recover a portion of an investment made by plaintiffs to a fund created and managed by Carona.

of notification, Charles Court commenced an action in the United States District Court for the Northern District of New York against Carona & Hodges seeking damages for fraud in the sale of securities and mail fraud. The allegations stem from the negotiations which culminated in Charles Court's $60,000 investment in the accounts receivable fund with Carona & Hodges. On April 14, 1992 a default was entered in the District Court against Carona & Hodges; on June 5, 1992 a default judgment was granted against Carona & Hodges and treble damages were awarded in the amount of $180,000.

The instant action was commenced in June 1992. Plaintiffs allege nonpayment by Charles Court on the duly assigned promissory note. Defendants denied the allegations, denied knowledge of the assignment and notification of the assignment, and further raised defenses based on Carona & Hodges' assumption of payments in the letter of June 26, 1989 and the Federal court judgment. Plaintiffs' subsequent motion for summary judgment was granted and defendants' cross motion for summary judgment was denied.[2] Defendants appeal.

Plaintiffs, as assignees, acquired no greater rights than those of the assignor and took subject to all defenses and counterclaims defendants possessed against the assignors (*see, Granick v Mobach*, 13 AD2d 534, *lv denied* 13 AD2d 688). The defenses and counterclaims include any "which [accrue] before the account debtor receives notification of the assignment" (UCC 9-318 [1] [b]).

In the case at bar, Corona & Hodges' June 26, 1989 letter to Charles Court clearly raises a triable issue of fact regarding an alleged modification to the promissory note. Further, plaintiffs have failed to set forth by evidentiary material the date defendants were notified of the assignment. "As a general rule, notice is necessary in order to charge the debtor with the duty of payment to the assignee" (*Tri City Roofers v Northeastern Indus. Park*, 91 AD2d 769, 770, *affd* 61 NY2d 779). Finally, plaintiffs concede that defendants had a valid claim against Carona & Hodges at the time of assignment, although they dispute the amount. The amount of any offset must be determined by a trier of fact.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiffs' motion for partial summary judgment; said motion denied; and, as so modified, affirmed.

---

2.. The record on appeal does not include a transcript of Supreme Court's (Lynch, J.) bench decision.