In the Matter of LIVINGSTON COUNTY COMMISSIONER OF SOCIAL SERVICES, as Assignee and on Behalf of CHERYL PRAGLE, Appellant, v ADAM D. PRAGLE, Respondent. (Appeal No. 1.) [741 NYS2d 766] —Appeal from an order of Family Court, Livingston County (Alonzo, J.), entered May 15, 2001, which directed respondent to reimburse petitioner for support.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the objections are granted, the orders of the Hearing Examiner dated February 21 and March 5, 2001 are vacated and the matter is remitted to Family Court, Livingston County, for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding seeking reimbursement of $994 pursuant to an assignment to petitioner of a welfare recipient's right to receive spousal and child support from respondent. Petitioner appeals from an order of Family Court and a subsequent implementing order of the Hearing Examiner directing respondent to reimburse petitioner in the amount of $194. We agree with petitioner that the court erred in relieving respondent of his obligation for support for the period prior to the filing of the petition in November 2000 when, according to the court, respondent first received notice of the assignment. An obligor is entitled to a credit for payments mistakenly made to the assignor rather than to the assignee when those payments are made in good faith and in ignorance of the assignment; notice of the assignment, whether formal or informal, negates such good faith and ignorance (*see* 6A NY Jur 2d, Assignments § 57; *see also Tri City Roofers v Northeastern Ind. Park,* 61 NY2d 779, 781, *affg* 91 AD2d 769, 770; *Caprara v Charles Court Assoc.,* 216 AD2d 722, 723; *Poughkeepsie Sav. Bank v Sloane Mfg. Co.,* 84 AD2d 212, 216-217). In his unsworn statements to the Hearing Examiner, respon-

dent indicated that he knew as of July 2000 that the mother was receiving assistance on behalf of herself and the children. The mother's receipt of such assistance operated as an assignment to petitioner of the right to receive family support (see Family Ct Act §§ 415, 422, 453 [a]; § 571 [1]; Social Services Law §§ 101, 102, 111-b [2]; § 111-c [2] [a], [d]; § 348 [2]), and we conclude that respondent as a matter of law is charged with knowledge of the assignment, based on his awareness of his family's receipt of assistance.

In reversing, we note that the Hearing Examiner erred in deciding the matter without conducting a hearing. We therefore reverse the order in appeal No. 1, grant petitioner's objections, vacate the orders of the Hearing Examiner dated February 21 and March 5, 2001, and remit the matter to Family Court, Livingston County, for a hearing to determine respondent's spousal and child support obligations and the extent of petitioner's right to receive reimbursement pursuant to the assignment of support. In particular, the court must make findings concerning the date on which respondent knew or should have known that the mother was receiving assistance or otherwise learned of the assignment. In view of our determination, we vacate the order in appeal No. 2. Present—Pigott, Jr., P.J., Hayes, Wisner, Scudder and Kehoe, JJ.