Durham Commercial Capital Corp. v Wadsworth Golf Constr. Co. of the Midwest, Inc. (2018 NY Slip Op 02987)





Durham Commercial Capital Corp. v Wadsworth Golf Constr. Co. of the Midwest, Inc.


2018 NY Slip Op 02987


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND WINSLOW, JJ.


468 CA 17-00855

[*1]DURHAM COMMERCIAL CAPITAL CORP., PLAINTIFF-APPELLANT,
v
WADSWORTH GOLF CONSTRUCTION COMPANY OF THE MIDWEST, INC., ALSO KNOWN AS WADSWORTH GOLF CONSTRUCTION COMPANY, DEFENDANT-RESPONDENT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
WOODS OVIATT GILMAN LLP, ROCHESTER (ROBERT D. HOOKS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered February 7, 2017. The order, among other things, granted defendant's motion for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for breach of contract, alleging that nonparty Yousse Irrigation, Inc. (Yousse), had assigned plaintiff its rights to payment of its accounts receivable, and that defendant failed to pay the full amount due under one such assigned account. Plaintiff sought to recover from defendant the remaining amount that defendant allegedly owed on that account. Plaintiff appeals from an order that, inter alia, granted defendant's motion for summary judgment dismissing the complaint. We affirm.
Contrary to plaintiff's contention, Supreme Court properly granted the motion. Defendant met its initial burden of establishing that it paid the full amount it owed on the account at issue. Specifically, defendant's evidence in support of the motion established that it had entered a contract with the Chickasaw Nation Department of Commerce (Nation) for construction work to be performed on a golf course, and that the Nation reserved the right under that contract to pay material suppliers directly on all subcontracts in order to preserve the Nation's tax exemption regarding those payments. Defendant, in turn, entered a subcontract with Yousse that contained a corresponding provision allowing the Nation to pay Yousse's material suppliers directly. Yousse performed the work pursuant to that subcontract and sent defendant an invoice for the work it had performed. Before defendant paid that invoice, Yousse obtained a loan from plaintiff, which Yousse agreed to repay by assigning its rights to repayment under its accounts receivable, including those pursuant to the subcontract with defendant, to plaintiff. After the Nation exercised its option to pay Yousse's material suppliers directly, Yousse submitted an amended invoice to defendant, which did not include a request for payment for the materials. Finally, the Nation paid defendant the amount due on that amended invoice, and defendant then paid the amount due under the amended invoice to plaintiff.
Thus, defendant's evidence in support of the motion established that plaintiff had no right to seek payment from defendant for the amounts that the Nation had already paid to Yousse's material suppliers. There is no dispute that plaintiff was the assignee of Yousse's rights under the subcontract, and it is well settled that an "assignee . . . stands in [the] shoes [of the assignor] . . . The assignment grants [the assignee] the same rights and interests with regard to the . . . claim to which [the assignor] had been entitled with all of its infirmities, equities, and defenses . . . [The assignee]'s rights [are] derivative and an assignee never stands in any better position than [*2]his assignor" (Madison Liquidity Invs. 119, LLC v Griffith, 57 AD3d 438, 440 [1st Dept 2008] [internal quotation marks omitted]; see UCC 9-404 [a] [1]; Caprara v Charles Ct. Assoc., 216 AD2d 722, 723 [3d Dept 1995]). Defendant established as a matter of law that Yousse was not entitled to payment of any additional money under its subcontract, and plaintiff failed to raise a triable issue of fact whether it had acquired by the assignment the right to payment from defendant of any additional money (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Plaintiff further contends that the court erred in granting the motion inasmuch as it raised a triable issue of fact whether it had entered into an enforceable agreement with defendant, in which defendant agreed to pay plaintiff the amount reflected in the original invoice. We reject that contention. The record establishes that defendant merely acquiesced in the assignment of Yousse's rights to plaintiff, but defendant did not make an independent promise that it would pay the full amount of the original invoice to plaintiff. Significantly, there was no consideration for defendant's alleged agreement to pay plaintiff pursuant to the original invoice other than Yousse's performance of its duties under the subcontract. Those duties had already been performed when Yousse assigned its rights under the subcontract to plaintiff, and thus the duties constituted only past consideration with respect to the assignment. It is well settled that "[t]he lack of consideration for a note is a bona fide defense to payment thereof[, and g]enerally, past consideration is no consideration and cannot support an agreement because the detriment did not induce the promise' " (Samet v Binson, 122 AD3d 710, 711 [2d Dept 2014]; see Korff v Corbett, 155 AD3d 405, 408 [1st Dept 2017]; see generally General Obligations Law § 5-1105).
Similarly, plaintiff failed to raise a triable issue of fact whether defendant is bound by the doctrine of promissory estoppel to pay the full amount of the original invoice. Promissory estoppel is applicable only where there is "a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise" (Vassenelli v City of Syracuse, 138 AD3d 1471, 1475 [4th Dept 2016] [internal quotation marks omitted]; see AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 20-21 [2d Dept 2008]; Chemical Bank v City of Jamestown, 122 AD2d 530, 531 [4th Dept 1986], lv denied 68 NY2d 608 [1986]). Here, defendant's evidence in support of the motion established that plaintiff loaned money to Yousse before obtaining defendant's promise to pay the invoice, and defendant thereby established that plaintiff did not rely on that promise in deciding to make the loan. Inasmuch as plaintiff failed to submit evidence that, in deciding to make the loan, it detrimentally relied on a promise by defendant to pay the full amount of the original invoice, plaintiff failed to raise a triable issue of fact whether defendant was bound to pay the full amount of the original invoice based on promissory estoppel.
Plaintiff's remaining contentions are academic in light of our determination.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court