1051 Corp v Bynum (2018 NY Slip Op 05740)





1051 Corp v Bynum


2018 NY Slip Op 05740


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-05310
 (Index No. 21220/08)

[*1]1051 Corp, appellant, et al., plaintiff, 
v
David Bynum, et al., defendants, Mark Scheiner, et al., respondents.


Jason Chang, New York, NY, for appellant.
The Law Offices of Jay S. Markowitz, P.C., Williston Park, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to vacate a satisfaction of judgment and for declaratory relief, the plaintiff 1051 Corp appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 31, 2015. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was, in effect, for summary judgment declaring that the plaintiff 1051 Corp holds a 99% interest in a judgment entered in an underlying action entitled Bynum v Scheiner, commenced in the Supreme Court, Kings County, under Index No. 15380/01.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was, in effect, for summary judgment declaring that the plaintiff 1051 Corp holds a 99% interest in a judgment entered in an underlying action entitled Bynum v Scheiner, commenced in the Supreme Court, Kings County, under Index No. 15380/01, is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment, inter alia, declaring that the plaintiff 1051 Corp holds a 99% interest in the judgment in the underlying action.
In February 2005, a judgment was entered in an underlying action to recover on a promissory note entitled Bynum v Scheiner, commenced in the Supreme Court, Kings County, under Index No. 15380/01. The judgment was in favor of David Bynum and Deft Corp. and against Mark Scheiner in the principal sum of $24,000. In a decision and order dated October 24, 2006, this Court affirmed an order of the Supreme Court denying the motion of the defendants in that action to vacate the judgment (see Bynum v Scheiner, 33 AD3d 832). In April 2008, Bynum executed a full satisfaction of judgment, which was subsequently filed in the Office of the Kings County Clerk.
In July 2008, 1051 Corp and Deft Corp. (hereinafter together the plaintiffs) commenced this action against, among others, Scheiner and 186 36 Avon Road, LLC, a company allegedly formed by Scheiner subsequent to the entry of the judgment in the underlying action (hereinafter together the Scheiner defendants), as well as Bynum, inter alia, to vacate the satisfaction of judgment. The complaint alleged that Bynum lacked the authority to execute the satisfaction of judgment because, inter alia, in August 2005, he had assigned his 99% interest in the judgment to 1051 Corp. The Scheiner defendants served an answer in which they asserted that Scheiner had no notice of the assignment from Bynum to 1051 Corp and had paid Bynum $12,000 in consideration for executing the satisfaction of judgment. Thereafter, the plaintiffs moved, inter alia, in effect, for summary judgment vacating the satisfaction of judgment and declaring that Deft Corp. holds a 1% [*2]interest and 1051 Corp holds a 99% interest in the judgment, which would include an offset for the $12,000 paid by Scheiner to Bynum. The Supreme Court granted those branches of the motion which were, in effect, for summary judgment vacating the satisfaction of judgment and declaring that Deft Corp. holds a 1% interest in the judgment. However, the court denied that branch of the motion which was, in effect, for summary judgment declaring that 1051 Corp holds a 99% interest in the judgment on the ground that this interest was not enforceable because Scheiner lacked notice of the assignment. 1051 Corp appeals.
In support of their motion, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law with respect to the validity of the assignment to 1051 Corp of Bynum's 99% interest in the judgment in the underlying action. In opposition, the Scheiner defendants failed to raise a triable issue of fact. "An obligor is entitled to a credit for payments mistakenly made to the assignor rather than to the assignee when those payments are made in good faith and in ignorance of the assignment" (Matter of Livingston County Commr. of Social Servs. v Pragle, 294 AD2d 906, 906; see Tri City Roofers v Northeastern Indus. Park, 61 NY2d 779, 781). Here, the plaintiffs conceded that Scheiner was entitled to a credit for the $12,000 payment he made to Bynum, and in determining the plaintiffs' motion and upon vacating the satisfaction of judgment, the Supreme Court recalculated the amount of the judgment to reflect that offset. Contrary to the court's determination, the failure to notify Scheiner of the assignment did not render the assignment ineffective (see Law Research Serv., Inc. v Martin Lutz Appellate Printers, Inc., 498 F2d 836, 840 [2d Cir]). Accordingly, the court should have granted that branch of the plaintiffs' motion which was, in effect, for summary judgment declaring that 1051 Corp holds a 99% interest in the judgment.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate declaratory judgment (see Lanza v Wagner, 11 NY2d 317).
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court